*Feb.* 27th.    BRUMLY *against* THE WESTCHESTER COUNTY MANUFAC-
TURING SOCIETY.

Individual members of a *corporation* may be called upon to answer to a bill of discovery under oath ; but in that case, the individuals must be named as defendants in the bill.

Where a bill was filed against a corporation generally, who put in an answer under their corporate seal, the court refused, on motion, to order certain officers of the corporation to make oath to the answer so filed.

MOTION, on the part of the plaintiff, that *the answer filed by the defendants be sworn to by Richard Ward*, president, and *John Bonnett*, jun., secretary, of the said society, and by *Philemon Halstead* and *Ichabod Prall*, directors thereof.

The motion was accompanied with an affidavit of the solicitor, stating that the bill was filed on the 14th of *October* last, and that on the 28th of *January* last, the answer was filed under the seal of the defendants, and signed by the president and secretary, but not sworn to.

*Dyckman*, for the plaintiff.

*Colden*, contra.

THE CHANCELLOR.  It does not appear that this is a bill merely for discovery of writings, as was the case in 1 *Vern.* 117. ; and if it was, the case would not warrant the motion that the defendants named should swear to the very answer put in, on behalf of the corporation.  The principle is established by that and by other cases, (*Wych v.*

*Meal,* 3 *P. Wms.* '310., and *Dummer* v. *Corporation of Chippenham,* 14 *Ves.* 245.,) that the court will call upon individual members of a corporation to answer not only with the rest under the common seal, but individually, upon oath; but in those cases the defendants, whose discovery under oath was sought, were named in the bill as defendants. The application, therefore, in its present shape, must be denied, with costs.