Vermilyea
v.
Fulton Bank.

[*37]

---

VERMILYEA *v.* THE FULTON BANK, LEVITT AND OTHERS.
THORP AND OTHERS *v.* SELDEN AND OTHERS.

The officers of a corporation may be made parties to a bill of discovery, to
    enable the complainants to obtain a knowledge of facts which could not
    be arrived at by the answer of the corporation put in without oath.
The corporation ought also to be permitted to put in a separate answer, in
    order to make offers and admissions, and to deny facts which the officers
    may suppose do exist.
Upon the answer of the officers or agents of the corporation, no decree for
    relief can be founded either as against them or the corporation.

---

[1] 2 Cowen & Hill's notes to Phil. Ev. 7.

After putting in their answer, they may be sworn as witnesses on the part of the complainant, and the corporation will have the benefit of their cross-examination.

SELDEN, for complainant, moved that separate answers of the bank and Leavitt be taken off the files of this court, and that they file a joint answer.

*Hoyt* and *Tolcott*, (attorney-general,) contra.

Like motion. *R. Emmett*, for motion.

*Hoyt* and *Attorney-General*, contra.

THE CHANCELLOR :—It is now well settled, that officers of a corporation may be made parties to a bill of discovery, for the purpose of enabling the complainant to obtain a knowledge of facts which could not be ascertained by the answer of the corporation, put in under their corporate seal, and without oath. But what is to be the effect of that answer of *the agent or servant of the corporation, is a question that does not seem to have received any formal adjudication in this court. If it is to be binding and conclusive upon the corporation, I can see no necessity for making the agent a party to the bill. The better course would be for the plaintiff to state in his bill those facts and circumstances which require an answer from the corporation out of the usual form, and apply to the court for an order that some or all the officers or agents of the corporation swear to their belief of the truth of the matters contained in the answer. This course was decided by the late Chancellor Kent to be inconsistent with the law of this court, and such an application was refused. (*Brumley* v. *Westchester Manuf. Society*, 1 John. Ch. Rep. 366.) If the object of making the agent a party is for discovery, to enable the plaintiff to understand his rights and to direct his inquiries, either by amending his bill or in the subsequent examination of witnesses in the cause, there is a manifest propriety in letting

[\*38]

1828.

Vermilyea
v.
Fulton Bank.

the corporation answer in the usual way, and compelling the agent to make the discovery of any facts within his knowledge by his separate answer. The corporation may wish to make admissions, offers or concessions, with which the party joined for discovery merely has nothing to do. And, on the other hand, they may wish to disprove facts which the agent actually supposes to exist; which they cannot do, if they are compelled to incorporate his statements in their answer. In *Wych* v. *Meal*, (3 Peere Wms. Rep. 312,) Lord Talbot says, " Notwithstanding the answer of the officer cannot be read against the company, yet it may be of use to direct the plaintiff how to draw and put his interrogatories, towards obtaining a better discovery." And in a subsequent case, in which it was sought to make the wife a party for the purpose of discovery, Lord Eldon, in comparing that case with the case of an agent of a corporation, says, "In the case of the agent, there is the answer of a party who may be converted into a witness; but in the case of the wife, her answer cannot lead to her examination as a witness. Her case, therefore, cannot be compared to that of an agent of a corporation." (15 Ves. Rep. 165.)

[*39]    *From these dicta it appears, that as against the agent of the corporation, it is a bill of discovery merely, and that no decree for relief can be founded on his answer, either as against him or the corporation. The plaintiff may afterwards use him as a witness, and the corporation will have the benefit of a cross-examination, or may disprove the matters contained in his answer. The motion must, therefore, be denied.