By the Court.
Mason, J.
The plaintiff is not entitled to the relief sought by this bill against the company. It sets forth a mere legal demand upon a promissory note. There is no allegation in it of the insolvency of the company for one year, or of any of the facts enumerated in the 38th section of the statute concerning proceedings against corporations, (2 R. S. 463,) which would authorize the court to pronounce this corporation dissolved. (Slee v. Bloom, 19 John. 456; Briggs v. Penniman, 8 Cow. 387.) Nor does the bill contain any prayer for a decree of dissolution. It merely prays for payment of the note, and for a discovery of the names of the stockholders, and for a receiver, and for further relief. Livingston and Driggs are made defendants solely for discovery, and if the plaintiff is not entitled to the relief sought by the bill against the company, he is not entitled to the discovery; the discovery being incidental to the relief. (Vermilya v. Fulton Bank, 1 Paige, 37; Story’s Eq. Pl. § 312 & notes.) There are no statutory provisions allowing a bill to be filed on a mere legal demand, in the first instance, either against a corporation of this liind, or against one or more of the stockholders. But the creditor, if he wish to obtain a decree, such as is sought for in the present bill, must first establish his demand in a suit upon the note, and then file his complaint, in the nature of a creditor’s bill against the company, to which he may make the officers parties, for the purpose of discovering filenames of the stockholders, and such stockholders, when discovered, may be made defendants by a supplemental bill. (Judson v. Rossie Galena Co., 9 Paige, 598; Morgan v. New York & Albany Railroad Co., 10 Paige, 290.) .It is true that the 45th 'section of the statute referred to authorizes a proceeding in equity on behalf of the creditors of a corporation, against stockholders, on account of any liabilities created by law, and the act incorporating this company renders the stockholders liable in their individual capacity for all debts contracted by the company. But the diffi *93 culty in this case is, that the fact is not yet legally ascertained that the plaintiff’s claim is a debt of the company. For aught that appears, there may be a perfect defence to it; and although a creditor might, perhaps, in a suit at law against a stockholder, be allowed to prove that the claim against the company was a valid and subsisting demand, yet the remedy given by the 45th and subsequent sections cannot, we think, be enforced until after the claim is established against the company, for until then the liability of the stockholders created by law is not ascertained.
It is only in the case of banking and insurance companies, or companies authorized to loan money on pledges or deposits, that a bill like the present could be sustained, if at all. A creditor of other corporations cannot make the stockholders or directors, who are personally liable, parties to a suit until after a decree against the corporation, and then by supplemental bill or otherwise. (2 R. S. 464, § 39 to 44 inclusive.)
The decree at the special term must therefore be reversed, the demurrer allowed, and the bill dismissed with costs.