FIELD vs. THE NEW YORK CENTRAL RAIL ROAD COMPANY.

The fact that the defendant is a corporation, and therefore cannot be examined as a witness in its own behalf, will not prevent the plaintiff from offering himself as a witness, and being examined, in support of his claim.

The provision of the code, that "whenever a party or person in interest has been examined" as a witness, under the 399th section, "the other party or person in interest may offer himself as a witness in his own behalf, and shall be so received," should be construed to extend only to cases where the party against whom the other party has been examined is a natural person, capable of giving evidence, and a competent witness, provided he had not been a party or person in interest.

APPEAL from a judgment at the circuit court, entered on the verdict of a jury.

*H. R. Selden,* for the appellants.

*J. H. Martindale,* for the respondent.

*By the Court,* WELLES, J.   The action was brought to recover the value of certain quantities of cord wood and fence of the plaintiff, burned and destroyed in May, August and September, 1854, in consequence of fire scattered along the track of the defendants' road from their locomotive engines, through the negligence of the defendants.   The plaintiff recovered a verdict, upon which judgment was entered in his favor.

Upon the trial at the Monroe circuit, in October, 1857, before Mr. Justice JOHNSON, the plaintiff was offered as a witness in his own behalf.   The defendants' counsel objected to his examination, on the ground that the adverse party could not be examined, and therefore the plaintiff could not; and that the act under which it was sought to examine the plaintiff, does not provide for the examination of a party, except when the adverse party or person in interest is living, and capable of examination.   The court overruled the objection, and the defendants' counsel excepted.

Field *v.* New York Central Rail Road Company.

It will be seen, by reference to section 399 of the code, that the rule of exclusion of a party as a witness in his own behalf is not as broad as the objection in this case contemplated. The limitation or restriction in the section referred to is as follows: " But such examination shall not be had,   &#42;  &#42;  &#42; unless the adverse party or person in interest is living, nor when the adverse party shall be the assignee, administrator, executor or legal representative of a deceased person," nor unless notice &c. is given. The defendants, who are the adverse party here, are neither an assignee, administrator, executor nor legal representative of a deceased person. The defendants' counsel contends that the adverse party in this case cannot be said to be living, because it is not a natural person, and only exists in contemplation of law, and therefore cannot be examined as a witness in its own behalf, or be received as such witness. But I think, nevertheless, that the plaintiff was a competent witness. The cause was tried while the code, as amended in 1857, was in force. Prior to those amendments, the 399th section, in specifying or enumerating the adverse parties or persons in interest against whom an assignor could not be examined as a witness, contained the following provision: " But such assignor shall not be admitted to be examined in behalf of any person deriving title through or from him, against an assignee or an executor or administrator, unless the other party to such contract or thing in action whom the plaintiff or defendant represents, is living, *and his testimony can be procured for such examination,*" &c. If these last words had been contained in the amendment of 1857, in the limitation of adverse parties against whom a party could be examined as a witness, I should have been of the opinion that the section would not apply to a case where a corporation was a party ; because such a party could never be a witness. But in the section as it now stands, the part in it which qualifies and limits its first proposition—that a party to an action or proceeding may be examined as a witness in his own behalf, the same as any other witness—those qualifying

words are left out. The first proposition is general, and embraces all cases where the party to whom the right of being examined is secured, is a person who can be examined, and is to be so interpreted and applied, subject only to the restrictions which immediately follow, which are to be regarded in the light of exceptions to the general leading proposition of the section. The clause near the middle of the section, relied upon by the defendants' counsel, that "whenever a party or person in interest has been examined under the provisions of this section, the other party or person in interest may offer himself as a witness in his own behalf, and shall be so received," should be construed to extend only to cases where the party against whom the other party has been examined is a natural person, capable of giving evidence and a competent witness, provided he had not been a party or person in interest. Thus the provision can have an extensive operation, and take effect in a large majority of cases. It is, I think, sufficient to say, that the provision does not occupy a position in the section or a relation to the subject matter to qualify and limit the operation of the first clause, securing to each party, in general terms, the right to be examined as a witness in his own behalf in regard to the character or class of persons against whom he may be so examined. It cannot, as it seems to me, be said that the defendant is not living. It is as really living as it ever was, and is a living party in the contemplation of the section. It has a life, the continuance of which is far more certain than that of a natural person. It is a person as really and actually as an individual is one; the only difference in this respect being, that one is an artificial and the other a natural person. I think the legislature could not have intended to exclude from the operation of the section so large a class of cases as those where a corporation happens to be a party, without so expressing it; especially when we see certain other large classes of cases are excluded in express terms.

If it is necessary to find the reason for the design which this interpretation attributes to the legislature, I think it is

Field *v.* New York Central Rail Road Company.

apparent, first, from the general scope and object of the section, which was evidently to put all parties as nearly as possible upon an equality, without giving one an undue advantage over another, and to restrict the rule to those cases where each of the parties to the action is presumed to know as much about the case as his adversary, and therefore to exclude its operation in cases where either party prosecutes or defends, *en auter droit.*  Second, this will not operate unequally or unjustly upon a corporation who is a party and his adversary a natural person, but. was manifestly necessary in order to produce equality in this respect.  Before the amendment. of 1857, corporations possessed an undue advantage over natural persons.  They transacted all their business by and through agents, who were competent to testify, and who are presumed to have all the knowledge of facts that the other party possessed, or at least as much as their principal, provided he had been a natural person, would have had. They, or some one or more of them, must have been acquainted with every transaction to which their principal had been a party or had been engaged in, and, unless personally disqualified to be witnesses in any case, were all competent at common law, or might be made competent, to testify in relation to them.  This is a full equivalent to the right secured to natural persons, by the amendment of the code, to become witnesses in their own behalf.

The other rulings at the circuit we have considered, and think they were all unobjectionable.

The judgment should therefore be affirmed.

[MONROE GENERAL TERM, March 7, 1859. *Welles, Smith* and *Johnson,* Justices.]