LA FARGE *v.* THE EXCHANGE FIRE INSURANCE COMPANY.

A corporation is a living person within the meaning of the Code of 1857; and where it was defendant in an action, the opposite party was entitled to be a witness in his own behalf.

APPEAL from the Superior Court of the city of New York. The complaint was, that the plaintiff had assigned to the defendant a bond, secured by mortgage, for the sum of $6,500, for which the defendant agreed to issue to the plaintiff, or his order, certificates of its capital stock to the same amount, which it had refused to do. On the trial before a referee, in November, 1857, the plaintiff, against the objection of the defendant, and under exception, was examined as a witness in his own behalf. The judgment was for the plaintiff, and it having been affirmed at general term, the defendant appealed to this court.

*John W. Edmonds,* for the appellant.

*Edward Fitch,* for the respondent.

BACON, J. The only real question in this case concerns the admissibility of John La Farge, who was the original plaintiff on the record, as a witness on his own behalf on the trial. Upon his being offered as such witness, the defendant's counsel objected, first, upon the ground that the testimony of one party cannot be admitted in his own behalf, when the other party is a corporation; and, second, that it cannot be received when the opposite party is a corporation, and the person or persons who were officer or officers of such corporation at the time of the transactions concerning which the party is called to give evidence, is not or are not, living.

If there were any force in this latter objection, upon the assumption that the deceased officer was the person with whom the alleged transaction occurred (as to which it is not necessary

now to express any opinion), it has very little application to this case; for the only fact that appears is, that Nicholas Carroll, who was secretary of the defendant at the time of the transaction in question, has since deceased; but it does not appear, nor is it anywhere claimed, that he had any personal agency in, or even any knowledge of, the assignment of the bond and mortgage, while all the other parties who were cognizant of the transaction, and took part in it, are in full life, and the present acting president of the company has been a director from its organization.

The question may then be considered under the broad ground assumed in the first objection. The 399th section of the Code, as it stood when the trial in this case took place, provided that a party to an action might be examined on his own behalf, the same as any other witness, but subject to the qualification that the opposite party or person in interest should be living; and it excluded such testimony when the opposite party was the assignee, or the administrator, executor, or legal representative of a deceased person. It is insisted by the counsel of the defendant that the corporation, defendant here, is not within the terms or spirit of this provision; that it obviously contemplated, and was intended to embrace, "persons" in their private, individual capacity; and that it cannot be said of a corporation that it is a living party, in which event only is the opposing party entitled to be heard.

There is some plausibility in this view, but I think it is not sound. In a large sense, a corporation may be said to be not only a living, but a very long-lived party. It has the power of continuous duration for an indefinite period, unless the term of its life is determined by its charter; and its existence is not affected by the death, change, or removal of its officers or members. This provision of the Code was intended to be enabling and remedial; but, under the law, as it had always existed, all the officers and members of a corporation were competent witnesses, while the opposite party was rigidly excluded. This was felt to be, and was, a hardship, which, among other things, was designed to be relieved by the pro-

vision which permits a party to testify on his own behalf. As a corporation acts through the intervention of living agencies, in regard to whom no rule of exclusion exists, it has all the advantage which can arise from the opportunity of producing countervailing testimony, and the parties meet upon terms of far greater equality than the old rule permitted.

The instances are numerous where the terms "persons" and "party," as used in statutes, are construed to embrace corporations. Thus, in *Boyd* v. *Croydon Railway Company* (4 Bing. N. C., 669), it was held that where, in the act incorporating the company, it was provided that no action was to be brought against any person for anything done in pursuance of the act, without a previous notice of twenty days, that the word "person" included the corporation, and that, consequently, they were entitled to the notice. It was long ago decided in this State that, under the tax and assessment laws, corporations were liable to assessment, although the act spoke only of "persons," and the word corporation was not used therein; and in the case of *The People* v. *Utica Insurance Company* (15 John., 358), it was held that, although the restraining act did not, in terms, include corporations, but spoke only of persons, yet that incorporated companies were included within the prohibition: and applying the principle that a thing within the intention is as much within the statute as if it were within the letter, and that such construction should be given as to carry out the intent, and not suffer it to be evaded, a judgment of ouster was rendered against the company. (See, also, *Ogdensburgh, Rome and Clayton R. R. Co.* v. *Frost*, 21 Barb., 541.)

The question involved in this case has been decided by the Supreme Court, at general term, in the seventh, eighth and fifth districts, and, in all of them, in favor of the admission of the witness where the opposite party was a corporation (*Field* v. *N. Y. Central R. R. Co.*, 29 Barb., 176; *Wright* v. *N. Y. Central R. R. Co.*, 28 id., 80; and *Johnson* v. *McIntosh*, 31 id., 267); and were there even more doubt than we think there is upon the construction we are disposed to give to the provision in question, it is desirable, for the sake of uniformity in

the administration of the law and the application of rules which concern the admissibility of witnesses and the competency of evidence, that this line of decision should be followed and maintained. The judgment should be affirmed.

All the judges concurring,

Judgment affirmed.