This an appeal from a judgment of the Supreme Court affirming judgment entered on verdict. The action was brought to recover damages for negligently setting fire to, and burning wood and other property of plaintiff, on his farm, adjacent to the railroad track. The only question considered by the General Term of the Supreme Court, was whether plaintiff could call himself as a witness against the defendant, a corporation. (See opinion reported, 29 Barb., 176.) The points made on this appeal are, first, that the court erred on the trial, in admitting evidence of fire and coals having been found on defendant's track, or seen to have dropped from its engines on other occasions than at the time of the fire complained of; and second, that the motion for nonsuit ought to have been granted for the reason that a case of negligence was not made out.
The plaintiff's farm, on which the wood, fences, c., were burned, lies on the north side of, and adjoins the defendant's railroad. The plaintiff gave evidence to show that fire was communicated to his property from the locomotives of the *Page 348 
defendant by reason of the dropping of burning coals along the track of the road. At the close of the testimony of one witness, which, as printed in the case, is comprised in one sentence, and occupies about a page of the case, are these words inclosed in brackets, "objected to and objection overruled and excepted to." I think this exception is not sufficiently specific to raise the question argued by the counsel here. It does not point out with distinctness what was objected to; whether the witness, or his testimony, or some part of it, and what part, if any; nor is any ground of objection given or suggested. It is altogether too indefinite. But the objection is supposed to apply, and probably was so intended, to that portion of the testimony immediately preceding it, which is in these words: "had frequently seen coals on the track before and since; very common thing; have been on the track at night; could not say I saw it drop, but saw live coals, not in large quantities, but sometimes a coal or two in a place; have seen them frequently."
If we regard the objection and exception as sufficient, the point made by appellant's counsel is, that it was incompetent to prove that fire had frequently been dropped along the track in this vicinity by defendant's engines, for the purpose of establishing negligence in the management of the engines; on the ground that proof of negligence on former occasions was no proof of, and had no tendency to show negligence on the particular occasion.
If the evidence were admissible for any purpose whatever, there was no error in overruling the general objection. It was not proved by what engine the fire was dropped that caused the injury, nor that any engine had dropped fire on the particular occasion; but the fire was traced back from the burning wood to the defendant's track, on which coals were found, and in the immediate vicinity of which the dry grass was burned off. As bearing upon the question how this fire came upon the track, it was competent to show that the locomotives of the defendant had been accustomed to scatter coals of fire frequently along the track.
In Sheldon v. The Hudson River R.R. Co. (4 Kern., 218), *Page 349 
DENIO, J., thought it a clear proposition that the plaintiff might prove it "universally true that the engines scattered fire so as to endanger property, and HUBBARD, J., said, the proof offered and rejected related to the emission of igneous matter by the defendant's engines, without designating any one in particular. This evidence, I think, was competent, and should have been received upon the proposition whether the defendants caused the fire."
The evidence objected to, was therefore competent on the question of the cause of the fire. But it was also competent on the question of defendant's negligence. It appeared that defendants were running a number of trains at the time this fire occurred back and forth over their road. That four or five of the engines used were without screens on the fire pans to catch falling coals; and there was evidence from engineers tending to show that the engines may be so guarded as to avoid scattering fire, and if they do scatter fire to any great amount, they are either improperly constructed or out of order. To use an engine which scatters coals of fire and endangers the property of others, because of its improper construction, or by reason of its being out of order, would be negligence, and for the purpose of establishing that the engines used by defendant were out of order or improperly constructed, it was clearly competent to show that they were accustomed to drop coals of fire along the track, in quantities which would not be emitted by engines in proper condition. The more frequent these occurrences, and the longer time they had been apparent, the greater the negligence of the defendant; and such proof would disarm the defendant of the excuse that on the particular occasion the dropping of fire was an unavoidable accident.
The motion for nonsuit was properly denied. We have not in this State adopted the rule of the English courts, which in substance holds that proof that the fire was communicated from the engines of the company, throws upon the defendant the burden of showing that there was no want of care, diligence or skill in their construction or management. (Piggott v. G.W.R. Co., 54 Eng. Com. Law, 228.) *Page 350 
Our rule holds that the use of locomotive engines in the business of railroads being lawful, no presumption of negligence arises from the mere fact that fire has been communicated from them. (Rood v. N.Y. Erie R.R. Co., 18 Barb., 80; Shelden
v. H.R.R. Co., 218; Redfield on Railways, 356, et seq.)
But where there is any evidence on the part of the plaintiff, in addition to proof that the engines communicated the fire, that tends to show want of care or diligence in the management of the engines or of skill in their construction, the court has no right, at the close of his case, to take the question of negligence from the jury, by nonsuiting the plaintiff. Where the evidence of both sides is in, and the preponderance for the defendant is so great that the court would set aside a verdict for the plaintiff as against evidence, a disposition of the case by nonsuit is justifiable, and has sometimes been held to be a duty.
In this case, where the motion was made at the close of plaintiff's case, there was evidence tending to show negligence both in the use and construction of defendant's engines, and it was not error to deny the motion.
The case, we must assume, was submitted to the jury with proper instructions from the court, and with their finding, even if against the weight of evidence, the court is not at liberty to interfere.
It follows, from these views, that the judgment must be affirmed.
Judgment affirmed. *Page 351