GOODYEAR, exec'r, &c. *vs.* THE PHŒNIX RUBBER COMPANY.

Where a corporation is the defendant, the plaintiff cannot have an order for the examination of the defendant as a witness, by its president and secretary.
The 390th and 391st sections of the Code refer to examination of *parties* not of the agents, officers or servants of parties to a suit. It was not the intention of the legislature to authorize the examination of a corporation as a witness.
In an action for an accounting, it is premature to take the examination of witnesses until it is decided that the plaintiff is entitled to an accounting.

APPEAL from an order made at a special term, denying an application, by the plaintiff, for the examination of the president and secretary of the defendant as witnesses in this action, which was brought for an accounting.

*By the Court,* INGRAHAM, J.   The plaintiff obtained an order, at chambers, to examine the defendants, by their president and secretary.   On the return of the order, objection was made to the examination of the president and secretary, on the ground that they were not the defendants, and the judge denied the application.   The plaintiff appealed to this court.

I can see no ground for such an examination.   The 390th and 391st sections of the Code evidently refer to an examination of *parties,* not of the agents, officers or servants of parties to a suit.   I should hardly suppose that it ever entered into the minds of the legislature to bring up a corporation for examination as a witness.   A corporation, as such, cannot testify, and can only declare its acts by the resolutions passed by the board of directors.   The president or secretary is not the corporation ; he cannot bind the corporation, except by its authority ; nor can either testify to facts, as known to the corporation, because they were known to him, personally.

Either of these parties can be used as a witness on the trial, but only as a witness, and can be examined as such under other provisions of the Code, where a proper case therefor is made out.

The case relied upon by the plaintiff—*Place* v. *Butter-*

Goodyear *v.* Phœnix Rubber Company.

*nuts' Woolen and Cotton Manufacturing Co.* (28 *Barb.* 503,) is not applicable. The question there was whether the justice, who was related to a stockholder, could try the cause, and it was held that he could not ; that, within the intent of the statute, the stockholder was to be deemed a party. The real question there was whether the stockholder was so far interested as to disqualify him as a witness, and if so, to disqualify a relative. No one, under such a decision, would claim the right to examine all the stockholders of a corporation, as parties, and make the corporation responsible for the admissions that such stockholders might make. When such is held to be the law, the system of acting by corporations had better be abolished. The *Revised Statutes* (*vol.* 2, *p.* 407, § 80,) prohibit using the admissions of members of corporations, unless made in transacting business which they are the authorized agents of the corporation to perform. If they are parties, their admissions would bind them ; if the mere agents of the corporation, they have no power to make admissions.

If the party needs a discovery he can obtain it, on proper papers, for a discovery of entries in the books and papers of the defendants. If there are none such, I do not see that he can take the personal knowledge of the officers and charge that to be the knowledge of the company. If he cannot do this he has no right to claim that the officers are the defendants ; but if he wants their evidence he must get it in the same way as the evidence of any other witness is obtained.

There might have been another objection to this examination now ; that is, that it is premature. The action is for an accounting. Until it is decided that the plaintiff is entitled to an accounting, there is no propriety in taking evidence connected therewith.

The order at special term was proper, and should be affirmed.

[NEW YORK GENERAL TERM, April 1, 1867. *Leonard, Clerke* and *Ingraham,* Justices.]