CHARLES CARR AND OTHERS *v.* THE GREAT WESTERN INSURANCE COMPANY.

A corporation is "a party" within the meaning of section 391 of the Code of Procedure, providing for the examination of a party before trial, and the president of a corporation-defendant, may be examined under that section of the Code.   That provision of the Code was designed as a substitute for the bill of discovery under oath in aid of the prosecution or defense of another action under the old practice.

APPEAL from an order of Special Term, denying a motion for an order to examine the president of the defendant, a corporation, under section 391 of the Code of Procedure.

BY THE COURT—DALY, F. J.—It was held in *La Farge v. The Exchange Ins. Co.* (22 N. Y. 353) that a party might offer himself as a witness where the opposite party was a corporation, and the construction which in that case was put upon the word party, as used in the code, applies equally to the provision in the 391st section for the examination of a party before trial.   This provision was designed as a substitute for the bill for a discovery under oath in aid of the prosecution or defense of another action which was abolished (*Willard's Equity Jurisprudence*, 42), and the examination there provided for is limited to cases where a discovery would have been previously ordered in equity in aid of the prosecution or defense of the action; at least I so held after a careful examination, in the

Carr v. The Great Western Insurance Company.

case of *Garrison* v. *The Mariposa Company,* decided at the special term of this court about a year ago.* A discovery in aid of the prosecution or defence of an action, would be ordered in equity against a corporation, and the officers, managers, or other persons connected with it, who possessed and could give the information required, would be compelled to discover it under oath. (*Wyche* v. *Mead,* 3 P. Wm. 311; *Dummer* v. *The Corporation of Chippenham,* 14 Ves. 245; *Le Tezier* v. *The Margrarine of Anspach,* 15 *id.;* *Fulton Bank* v. *The Sharon Canal Co.,* 1 Paige 218; *Many* v. *The Beekman Iron Company,* 9 *id.* 188.) The plaintiff was, therefore, entitled to an order for the examination of the President of the corporation, as a corporation can make discovery only under the oath of its officers or agents, (*The Fulton Bank* v. *The Sharon Canal Co.,* *supra*). The affidavit does not set forth the matter or thing sought to be discovered or show in what respect the discovery is essential, to enable the plaintiff to prepare for trial, which was necessary where a suit in equity was brought for a discovery after issue joined (*Wigram on Discovery,* 209, § 74). But this point was not taken upon the motion. The application was denied upon the ground that there could be no such examination in the case of a corporation, and if the other objection had been taken, the plaintiff might have obtained permission to serve additional affidavits.

BRADY, J.—I agree to reverse upon the ground that a corporation is a party within the meaning of section 391 of the Code.

Order reversed.

---

* This construction of section 391 is in effect given by the new rule 21, adopted at the convention of the judges, and which took effect in January, 1871.