SMITH *vs.* ST. LOUIS MUTUAL LIFE INSURANCE COMPANY.

April Term, 1876.

EXCEPTIONS TO THE ANSWER OF A CORPORATION FOR INSUFFICIENCY.—Exceptions to the answer of a corporation under its corporate seal will not lie to its sufficiency as a discovery, and would be a useless form to its sufficiency as a pleading.

*M. M. Brien, jr.,* for complainant.
*R. McP. Smith,* for defendant.

THE CHANCELLOR :—The question which comes before me in this case, by appeal from the master's rulings, is whether exceptions will lie to the sufficiency of the answer of a corporation under its corporate seal.

In *Sheppard* v. *Akers*, 1 Tenn. Ch. 326, I held that exceptions would not lie to the sufficiency of an answer where the oath of the defendant was expressly waived under the statute. The rule seems to be general that exceptions for insufficiency cannot be taken to an answer put in without oath. Thus, exceptions will not lie to the answer of a peer upon protestation of honor, *Hill* v. *Earl of Bute*, 2 Fowl. Ex. Pr. 11 ; to the answer of the attorney general, *Davison* v. *Attorney General*, 5 Price, 398, note ; to an answer the oath to which is waived, *McCormick* v. *Chamberlain*, 11 Paige, 548 ; or to the answer of a corporation under its corporate seal, *Wallace* v. *Wallace*, Halst. (N. J.) Dig. 173.

As early as 1682 it was held in an anonymous case, reported in 1 Vern. 117, that, upon a bill against a corporation to discover writings, inasmuch as the corporation answers under its corporate seal, " and so, being not sworn, will answer nothing to their prejudice," the clerk of the company, and such principal members as the complainant may see fit, shall answer under oath. This ruling was followed by Lord Chancellor Talbot, in *Wych* v. *Meal*, 3 P. W. 310, for the reason that the corporation " can answer no otherwise than under their common seal, and, though they answer never so falsely, still there is no remedy

against them for perjury." It is, consequently, well settled, both in England and America, as an exception to the rule that a witness cannot be made a defendant, that the officers of a corporation may be made defendants with the corporation, and required to answer under oath where discovery is sought. *Dummer* v. *Corporation of Chippenham*, 14 Ves. 245; *Brumley* v. *West Chester County Man. Co.*, 1 Johns. Ch. 366; *Vermilyea* v. *Fulton Bank*, 1 Paige, 37; *Lindsley* v. *James*, 3 Coldw. 485. The reason is that discovery cannot be enforced as against the corporation, and its answer is not evidence, wanting the sanction of an oath. The corporation may deny everything contained in the bill, whether true or false. *Fulton Bank* v. *N. J. & Sharon Canal Co.*, 1 Paige, 312. The only penalty it incurs for a failure to make a full disclosure is that of being taxed with the costs on the hearing. *Attorney General* v. *Burgesses of East Retford*, 2 Myl. & K. 35. "An answer not under oath," says Mr. Justice Thompson, speaking of the answer of a corporation, "is to be considered merely as a denial of the allegations in the bill analogous to the general issue at law, so as to put the complainant to the proof of such allegations." *Union Bank* v. *Geary*, 5 Pet. 112. This language is expressly approved by Chancellor Walworth, in *Lovett* v. *Steam Saw Mill Association*, 6 Paige, 58, where he applies it to the answer of a corporation; and by Mr. Justice Wayne, who extends it to the answer of an individual not under oath, in *Patterson* v. *Gaines*, 6 How. 588. It is adopted by our supreme court in *Van Wyck* v. *Norvell*, 2 Humph. 196, and *Lindsley* v. *James*, 3 Coldw. 487. The object of exceptions to an answer for insufficiency is to obtain discovery, and, if the desired discovery cannot be had, or, if had, is not evidence because wanting the sanction of an oath, the allowance of such exceptions would be useless, and the acting upon them an idle consumption of time. *Stafford* v. *Brown*, 4 Paige, 490; Code, § 4317.

An answer, where relief is sought, properly consists of two parts—first, of the defence of the defendant to the case

made by the bill; and, secondly, of the examination of the defendant on oath as to facts charged in the bill of which a discovery is sought. *Beech* v. *Haynes*, 1 Tenn. Ch. 574. It combines, therefore, two proceedings which, in the civil law and in the ecclesiastical courts, were completely separated. In the civil law the pleadings were made up before the prætor, who afterwards gave the parties judges, and it was before these judges that the actor (plaintiff) propounded his positions in the *libellus articulatus*, to which the defendant was required to put in an answer in the nature of a discovery. Gilb. For. Rom. 90. In the ecclesiastical courts, also, the answer to the interrogatories for discovery was a wholly distinct instrument from the responsive allegation to the libel embodying the defence. Hare on Disc. 223. In a bill in equity both of these distinct parts are united in one instrument. And this ambiguity in the use of the word "answer," a word importing a double sense and office, has sometimes, says Judge Story, led to erroneous decisions, and to no small confusion of language. Story's Eq. Pl. § 850. Mr. Wigram, in his discriminating thesis on Points of Discovery, page 10, note, regrets that the division of the civil and ecclesiastical law has not been retained in equity proceedings. "The difficulty," he says, "of finding out the issue, in the present mode of pleading, is alone a sufficient reason for desiring it."

If this double office of an answer is kept in mind, the propriety of the rule which disallows exceptions to the sufficiency of an answer will be obvious. For, as has been observed by Chancellor Walworth, the answer of a corporation, without oath, where the complainant does not require it to be sworn to or supported by the sworn answers of the officers of the corporation, cannot be said to answer the double purpose of a pleading to put the material matters of the bill in issue, and of an examination of the defendant for the purpose of obtaining his evidence in support of the complainant's allegations; and it is for this latter purpose alone that the complainant makes a witness of his adversary

in the cause. *Lovett* v. *Steam Saw Mill Association*, 6 Paige, 59. No doubt exceptions will lie to the sufficiency of an answer as a pleading, as well as to its sufficiency as a discovery. But, to use the words of the same great Chancellor in another case, as the general denial of all the matters of the bill not before answered, with which the answer usually concludes, is sufficient as a pleading to put the several matters of the bill in issue, the principal object of the exceptions for insufficiency is to examine the defendant on oath for the purposes of the discovery merely. *Stafford* v. *Brown*, 4 Paige, 490. The general denial with which an answer usually concludes is, "without this, that any other matter in the bill contained is true." This traverse was, at one time, thought to be essential to an issue, until otherwise ruled by Lord Macclesfield in an anonymous case. 2 P. W. 86. If exceptions were taken to the sufficiency of an answer, not sworn to, as a pleading, the defendant, by adding the general traverse, would cover the defect, and nothing would be gained. *Miller* v. *Avery*, 2 Barb. Ch. 590. Exceptions of this character would, consequently, be of no advantage, and are never made.

An impression seems to prevail that, unless the defendant is made to answer every material allegation of the bill, the complainant may be prejudiced in his rights by the want of an issue, and there are some decisions in which the courts, overlooking the double function of an answer, have given countenance to this view. There is an early case, in Maryland, in which it was held by Chancellor Hanson that, if any material matter charged in the bill is neither denied nor admitted in the answer, it stands, on the hearing of the cause, for nought. *Hopkins* v. *Stump*, 2 Har. & J. 304. This decision of his predecessor was combated, with his usual ability and copious learning, by Chancellor Bland, in *Neale* v. *Hagthorp*, 3 Bland, 551, 569, who went to the other extreme, and insisted that, where the defendant fails to answer any part of the material allegations of the bill, such unanswered allegations must, at the hearing, be taken

to be true.   Subsequently the court of appeals of that,
state, in *Warfield* v. *Gambrill*, 1 Gill. & J. 510, differed
from both of these eminent Chancellors, and, coming nearer·
to the correct solution, held that the silence of the answer·
was " clearly no admission of any unanswered fact." In
Kentucky the courts followed the lead of Chancellor Bland,.
*Booth* v. *Booth*, 2 Litt. 57, and *Moore* v. *Lockett*, 2 Bibb,.
167, while in this state, after throwing out some *dicta*
strongly leaning towards the ruling of Chancellor Hanson,
our courts have adopted the middle ground of the Mary–
land court of appeals.   In *Tiel* v. *Roberts*, 3 Hayw. 140,
the *dictum* was to the effect that, where the answer does not.
respond to a statement of the bill, and there is no excep–
tion, the bringing the point to an issue is abandoned, and it is
to be understood as never having been mentioned at all ; but,
the actual decree rendered embraced the matter passed *sub-
silentio* by the answer.   The practice of the court was bet-·
ter than its theory.   In *Wilson* v. *Carver*, 4 Hayw. 92, the;
suggestion is that such matter is not to be taken " as true·
or otherwise."   And this is, in effect, what is said in *Phillips·*
v. *Overton*, 4 Hayw. 292.   The meaning is, as shown by the
conclusions reached in the cases, that such matter is neither·
to be taken as admitted, nor is it to be entirely disregarded,
but it must be proved ; and so it is now settled.   *Hoyal* v.
*Bryson*, 6 Heisk. 142 ; *Frazer* v. *Sypert*, 2 Heisk. 343 ;.
*Hill* v. *Walker*, 6 Coldw. 424.   This is the rule laid down
by Marshall, C. J., in the early case of *Young* v. *Grundy*,
6 Cranch, 51, and repeated by Mr. Justice Clifford, in deliv–
ering the opinion of the same high court, in *Brown* v..
*Pierce*, 7 Wall. 211.   The supreme court of North Carolina.
reached the same conclusion.   *Lunn* v. *Johnson*, 3 Ired..
Eq. 70.   In *Bagshaw* v. *Batson*, 1 Dick. 113, where the;
plaintiff had amended his bill under an order requiring·
no further answer from the defendant, and, on the hearing,.
prayed directions on the amendment, to which the defend–
ant objected that the amendment was not in issue, Lord
Hardwicke said the defendant might have answered and·

put it in issue, and therefore he gave directions as asked. And see *Fowler* v. *Reynal*, 3 Mac. & G. 510; *Rowland* v. *Sturgis*, 2 Hare, 520; and *Clute* v. *Bool*, 8 Paige, 88. The correctness of the line of decision just cited, outside of its obvious good sense in preventing the pleadings becoming a trap for the unwary, is demonstrated in strict law by the fact, which we have already considered, that an answer, treated as a pleading, is made complete by the general traverse, the omission of which would be matter of form, to be supplied, after the hearing, like the *similiter* which completes the issue at law, or the general replication which completes the issue in equity, by intendment under the ordinary statutes of jeofails, or by entry *nunc pro tunc* by order of course. *Rodrey* v. *Hare*, Mos. 296; *Armstead* v. *Bozman*, 1 Ired. Eq. 121. Moreover, the sufficiency of the answer as a pleading is presumed after replication, for the filing of the replication waives all defects. *Harris* v. *Ingledew*, 3 P. W. 94; *Brown* v. *Pierce*, 7 Wall. 211; *Perkins* v. *Hays*, Cooke, 167; Coop. Eq. Pl. 328.

I am clearly of opinion, therefore, that exceptions to the answer of a corporation under its corporate seal alone, as a discovery, will not lie, and that exceptions to such an answer, as a pleading, would be a useless form. The exceptions in this case, as were the exceptions in *Sheppard* v. *Akers*, are to the answer as a discovery, and the master's ruling, in disallowing them, must be affirmed.

The complainant also asks, if his exceptions be overruled merely because they will not lie to the answer of a corporation under its corporate seal, that the bill be taken for confessed because of the insufficiency of the answer in the respects suggested by the exceptions. But the court will not examine whether an answer is sufficient or not, except after a reference for insufficiency. *Davis* v. *Davis*, 2 Atk. 24. And to sustain the motion would be to do indirectly what has been refused upon a direct application. If the complainant is not entitled to discovery upon exceptions to an answer for insufficiency, he is clearly not entitled

to the same discovery by means of a *pro confesso* order upon. precisely the same grounds of insufficiency.

. There is nothing in the provisions of the Code, § 4407,. which affects these conclusions.   The right conceded to the complainant by that section, to take his bill for con- fessed as to the part to which his exceptions relate, is. expressly limited to cases where the exceptions have been. sustained, and can have no application where the exceptions. are for any reason disallowed.   Notwithstanding the opinion: of Lord Bathurst, expressed in *Bacon* v. *Griffith,* 2 Dick. 473, that, after exceptions sustained and failure to answer,. the application should be to take the whole bill for con- fessed, I can see no reason why the complainant may not elect, in such case, whether he will insist upon a *pro confesso* as to the whole bill, or only to the part excepted to.   An insufficient answer being, legally, no answer, the complainant is entitled, as a right, to a *pro confesso* of the whole bill, if he chooses.   *Turner* v. *Turner,* 1 Dick. 316 ; *Attorney General* v. *Youny,* 3 Ves. 209 ; *Jopling* v. *Stuart,* 4 Ves. 619 ; *Trust & Fire Ins. Co.* v. *Jenkins,* 8 Paige, 589 ; *Lea* v. *Vanbibber,* 6 Humph. 18.   But it has also been held that, he may limit his *pro confesso* to the part to which the excep- tions have been sustained.   *Abergavenny* v. *Abergavenny,*. 2 Eq. Ca. Abr. 178 ; *Weaver* v. *Livingstone,* Hopk. Ch. 493.   I am inclined to think the statute has not changed the complainant's rights, being only declaratory of the pre- existing law, and I am clear that it does not entitle the- complainant to any order *pro confesso,* until his exceptions. for insufficiency are sustained, and the defendant has failed to put in a sufficient answer within the time prescribed by law or the order of the court.   The exceptions in this case- not having been sustained, the motion under consideration. must be refused.