# SUPERIOR COURT.

## THE PEOPLE agt. THE MUTUAL GAS-LIGHT COMPANY, BROOKLYN.

*Examination of corporate officers — Code of Civil Procedure, sections* 870 *and* 873.

Where a corporation is the defendant, the plaintiff may (pursuant to sections 870 and 873 of the Code of Civil Procedure) have an order for the examination of the defendant as a witness by its president, secretary, director or other officer of such corporation.

Although bills of discovery have been abolished, the substance of that remedy has been preserved by section 870 of the Code. To make the latter efficacious in the case of a corporation defendant, it needs only the adoption of a means of compelling the officers of a corporation to submit to an examination analogous to that resorted to by courts of equity, viz., the making of them parties to the proceeding for a discovery.

This may be done by inserting in the order for an examination the name of an officer or trustee of the corporation, and requiring him to attend and be examined.

*Special Term, January,* 1878.

GILBERT, *J.*— An order having been made at special term that Alexander Studwell, a director of the defendant corporation, be examined and his deposition taken, pursuant to sections 870 and 873 of the Code, Mr. Studwell now moves to vacate the order on the ground that it was not authorized by the sections referred to. The ground of the objection is that Mr. Studwell is not a party to the action, and his examination would not be an exercise of the right given to have the deposition of a party taken. The objection, if allowable, must necessarily frustrate the statute in every case where a corpo-

ration is the party against which the examination is sought, and such a construction was given by this court in *Goodyear, Exr.,* agt. *Phœnix Rubber Co.* (48 *Barb.,* 522) to a similar provision of the former Code. The contrary was held in *Carr et al.* agt. *The Great Western Ins. Co.* (3 *Daly,* 160; *see, also,* 1 *Robt.,* 610; 22 *N. Y.,* 353). With this conflict of direct adjudication upon the point before me, I must yield to my own opinion upon the subject. I think it is the duty of courts to enforce statutes, if a way for doing so can be devised, and that they have no power in any case to frustrate a statute if it be practicable to carry it into effect. The right given by section 870 of the Code to take the deposition of a party to an action is an absolute one (2 *Wait's Pr.,* 710). No exception of a corporation has been made. In respect to this right to examine, therefore, a corporation stands on the same footing with a natural person. Being a party, the adverse party has a right to take its deposition. The only difficulty in giving effect to such right arises from the incapacity of a corporation to make answers under oath. The same difficulty existed in the administration of the former practice of courts of equity in cases of discovery against corporations. As a corporation could not answer upon oath, but only under its common seal, the plaintiff was permitted to make individual members of the corporation parties defendant, although they had no pecuniary interest in the controversy, for the sole purpose of compelling a discovery upon oath. This practice was a relaxation of a well-established general rule that a mere witness cannot be made defendant, and it was permitted because otherwise there would be a failure of justice (*Ang. & Am. on Corp.* [10*th ed.*], secs. 674, 675, 676; 1 *Danl. Ch. Pr.* [4*th Am ed.*], 144, *et seq., and cases cited; Vermilyea* agt. *Fulton Bk.,* 1 *Pai.,* 37; *Masters* agt. *Bessie Galena Lead Mining Co.,* 2 *Sandf. Ch.,* 301; *McIntyre* agt. *Union College,* 6 *Pai.,* 229; *Many* agt. *Beekman Iron Co.,* 9 *id.,* 188). Bills of discovery have been abolished, but the substance of that remedy has been preserved by section 870 of the Code. To

make the latter efficacious in the case of a corporation defendant, it needs only the adoption of a means of compelling the officers of a corporation to submit to an examination analogous to that resorted to by courts of equity, to which reference has been made, namely, the making of them parties to the proceeding for a discovery. That is done by inserting in the order for an examination the name of an officer or trustee of the corporation and requiring him to attend and be examined. Considering the facilities afforded by general laws for the formation of corporations, their capacity for evil and the numerous instances of maladministration of the affairs thereof, the right given by section 870 of the Code must be regarded as a valuable safeguard against frauds and breaches of trust which should be preserved and enforced by every reasonable and fair intendment.

Motion denied, and Mr. Studwell is required to appear on the 12th inst. at 10 A. M. and be examined.