## THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT, v. THE MUTUAL GAS LIGHT COMPANY, APPELLANT.

*Examination of parties to action — Code, § 870 — officers or directors of corporations — cannot be examined under.*

The term "party," as used in section 870 of the Code of Civil Procedure, relating to the examination of parties to an action before trial, does not include the agents, directors or officers of a party, and in an action by or against a corporation, its agents, directors or officers cannot be examined thereunder.

APPEAL from an order made at the Special Term refusing to vacate an order requiring Alexander Studwell, one of defendant's directors, to appear and be examined under section 870 of the Code of Civil Procedure.

The action is brought by the people, by their attorney-general, and is in the nature of an action of *quo warranto*, its object being to declare forfeited the charter of defendant, on the ground that one-half its capital stock was not paid in within the time required by law.

Alexander Studwell is one of its directors, and verified the answer, stating that one-half the capital stock had been paid in.

An order was obtained after issue joined, under section 870 of the Code of Civil Procedure, to examine said Studwell before trial, on the ground that a corporation defendant may be examined, by means of the examination of said Studwell its director.

*Wheeler H. Peckham*, for the appellant.

*Charles J. Lowrey* and *Winchester Britton*, for the respondent.

BARNARD, P. J.:

The question presented by this appeal is, whether the defendant, a corporation, may be examined as a party through Alexander Studwell, one of its directors, under section 870 of the Code of Civil Procedure.

Parties under the Code of Civil Procedure mean only such persons as are parties to the record, either as plaintiff or defendant. (§ 446, etc.) The term includes corporations. They are persons as against the opposite party. (*La Farge* v. *The Exchange Fire Ins. Co.*, 22 N. Y. Rep., 352). In the absence of authority, it would seem plain that the term party would not include a director in a corporation. He is not the party to the record. He can make no admission to bind the corporation as a party. He is simply a witness. He may verify the pleading of the corporation, but this is by express statute. (Id., 525.) He is permitted to verify the answer because he is an officer of the party, and the party is incapable of making an affidavit.

The weight of authority is against the construction that the word party includes the officers of a corporation when they are not parties to the record. In *Woods* v. *De Figaniere* (16 Abb. Rep., 1), it was held that "party," under the old section of the Code, which was similar to the present section 870, included only parties to the record. This decision was made by the Supreme Court at General Term, and all the judges concurred in it. In *Goodyear* v. *The Phœnix Rubber Co.* (48 Barb., 522), it was held that under the old section a corporation defendant could not be examined as a party by its president and secretary. This decision was made at the General Term of the Supreme Court, and was concurred in by all the judges. The Court of Common

Pleas, in the city of New York, have held the contrary. The court at Special Term, followed this case in the Common Pleas. Both decisions are based upon the assumption that the power to examine parties under the section in question, is a substitute for the old bill of discovery, and that it was permitted to make the officers and agents of the corporation parties for the purpose of discovery. Assuming this to have been the old practice as to bills of discovery, it furnishes no reason to give a signification to the word party in the Code, different from its real meaning. The Code term does not mean agent, director, or president of a party. Agents, directors and presidents of corporations, may be witnesses for or against a corporation, but they cannot be designated or examined as parties under § 870 Code.

The order should be reversed with costs and disbursements, and the motion to vacate the order granted with costs.

DYKMAN, J., concurred; GILBERT, J., not sitting.

Order reversed with costs and disbursements.