FREDERICK H. GREER, Respondent, v. THOMAS ALLEN, Appellant.

*Code of Civil Procedure, § 870 — order for examination under — requisites of affidavit — right to examination not absolute.*

In order to authorize an order for the examination of the defendant, at the instance of the plaintiff, under section 870 of the Code of Civil Procedure, an affidavit must be presented showing the nature of the action, the substance of the cause of action, and of the judgment demanded, and after answer the nature of the defense, and also the facts showing that the testimony is material and necessary for the party making the examination.

An affidavit stating that the action "is brought upon a contract, and that the judgment demanded is for the sum of six hundred and ninety dollars, with interest; that the answer of the defendant is a general denial," and that "the examination of the defendant is necessary," and also stating the matters as to which the examination is desired, is not sufficient

Where the facts and circumstances stated are not sufficient to satisfy the judge, he is not bound to grant the order but should refuse the same.

Appeal from an order denying a motion to vacate an order requiring the defendant to appear and be examined. The complaint alleged that the plaintiff was the publisher of a book called the American Biography, and that he had agreed to print and publish a sketch of the life of the defendant for $850, alleged performance on his part and sought to recover therefor. The answer contained a general denial and a special defense.

This action being at issue upon the complaint and answer, the plaintiff, on the 22d day of October, 1877, applied to and obtained from Judge Donahoe an order, returnable on the 8th November, 1877, for the examination of the defendant as a party before trial. This order was based on the following affidavit:

"Being duly sworn, says that he is the plaintiff in the above entitled action, and resides at No. 340 Fourth avenue, in said city ; that the said action is at issue upon the complaint and answer therein, and untried ; that the same is brought to recover upon a contract, and that the judgment demanded is for the sum of six hundred and ninety dollars, with interest; that the answer of the defendant is a general denial ; that the examination of the defendant, Thomas Allen, before trial and pursuant to the Code of Civil Procedure, is necessary in order to enable plaintiff to properly prepare for the trial of this action ; that the plaintiff desires such examination as to matters material to the issue, to wit : as to knowledge regarding goods sent by express to St. Louis, which he denies were tendered, and also information in regard to correcting some printing sent him for his approval ; that the said defendant, Thomas Allen, resides in the city of St. Louis, State of Missouri, but is now sojourning in the city of New York, and deponent believes he will soon depart therefrom — beyond the jurisdiction of this court ; that the said defendant has appeared in this action by Alexander & Green, Esqrs., his attorneys, whose office address,is No. 120 Broadway, in the city of New York."

On the return-day of said order, the defendant moved before Mr. Justice Lawrence to vacate the same, upon the ground that the affidavit upon which the said order was based did not comply with the requirements of section 872 of the Code of Civil Procedure. Judge Lawrence denied defendant's motion on the ground that the right of examination was absolute. A reargument having been had before him, he adhered to his former decision. On the 9th day of January, 1878, an order was made denying defendant's motion to vacate the order for the examination of the defendant, from which order the defendant appealed to this court.

*Thomas W. Pittman,* attorney for the respondent.

*Charles B. Alexander*, for the appellant. The sections in question are not intended to create a new remedy, but to take the place of the old bill of discovery; and in such cases the court always exercised a broad and liberal discretion. (*Glenney* v *Stedwell*, 64 N. Y., 120; 1 Abb. [N. C.] and note, 332–341; *Phœnix* v. *Dupuy*, 2 Abb. [N. C.], 146; *Carr* v. *Great West. Ins. Co.*, 3 Daly, 160; *Wigyin* v. *Gans*, 4 Sandf., 647; *King* v. *Leighton*, 58 N. Y., 383; *Hynes* v. *McDermott*, Com. Pleas General Term, March 4th, 1878.) To adopt the rule as laid down in this case would compel the court, as a matter of absolute right to a plaintiff, to subject a defendant to discover matter which might subject him to a criminal prosecution, a penalty, or a forfeiture or the like. (Hare on Discovery, part 3, chap. 1, § 1; Wigram on Discovery, 60, § 83–94; *Caxton* v. *Douglass*, 19 Ves., 226; *Bailey* v. *Dean*, 5 Barb., 303; *Phœnix* v. *Dupuy*, 2 Abb. [N. C.], 146.) There is nothing in the statute preventing the order from being vacated. Such a power is in analogy with the universal practice of the courts, and has uniformly been exercised, and the same point has been raised and ruled as we contend it should be in this case. (*In re Kip*, 1 Paige, 601; *Patin* v. *Westervelt*, 5 How. Pr., 399.)

POTTER, J.:

This is an appeal from an order refusing to vacate an order for the examination of the defendant, at the instance of the plaintiff, under section 870 of the Code of Civil Procedure. The motion was made upon the ground that the affidavit upon which the order for the examination was made was defective. The court denied the motion, upon the ground that the right of a party to examine his adversary was absolute. The denial having been placed upon this ground alone, it is to be inferred that the court held the affidavit in this case sufficient to sustain the order. We entertain a different opinion, both in respect to the sufficiency of the affidavit upon which the order in question was granted, and the absolute right to such an order.

This examination is had for the purpose of discovery, in place of the former bill of discovery. (*Phœnix* v. *Dupuy*, 2 Abb. [N. C.], 146; *Glenney* v. *Stedwell*, 64 N. Y., 120; *Carr* v. *G't Western*

*Ins. Co.*, 3 Daly, 160.) The rule in a bill of discovery required the pleader to set out so much of the pleadings as would enable the court to see that the facts alleged in the bill, and of which he claims discovery, are material. (*Bailey* v. *Dean*, 5 Barb., 297.) Tested by this rule, the affidavit in question is plainly defective. We think the provisions of the Code are based upon the same principle as the bill of discovery. Section 872 prescribes the requisites of the affidavit upon which the order for the examination is to be granted. Subdivision two : the affidavit must set forth the nature of the action, and the *substance of the cause of action*, and of the judgment demanded. Subdivision four, and that the testimony is material and necessary. These were the requisites of a bill of discovery. Why should these matters be set forth unless the judicial mind is to be exercised upon them ? Why require anything more than the statement under the advice of counsel in the affidavit, that the testimony is necessary and material? Section 388 of the former Code was also a part of the means, or one of the modes resorted to, to obtain information and a discovery. That was effected by a petition. The petition under that section must set forth the absence of other available proof, and that the proof is indispensably necessary, and the facts and circumstances showing the necessity, etc. (*Woods* v. *De Figaniere*, 25 How., 522; *Wilkie* v. *Moore*, 17 id., 480.) See rule nineteen of the rules of 1870 upon this subject. There is equal reason at least that the facts and circumstances should show the nature of, and the cause of action, together with the materiality and necessity of the testimony when a party is to be examined, as when his books and papers are to be inspected. If a mere statement in the affidavit that the testimony is necessary and material are to suffice for the procuring of such an order, I can see no occasion for the statement of the nature of the action, and the substance of the cause of action and of the judgment demanded. The convention of justices to form the rules have interpreted; this section in accordance with the views above presented. Rule 89 provides the affidavit shall specify the facts and circumstances which show, in conformity with subdivision 4 of section 872, that the examination of the person is material and necessary. Assuming that the language of the section in question is equivocal, the

construction given to it by that body of jurists is authoritative and controlling. The facts and circumstances, therefore, showing the necessity and materiality, together with an affidavit specifying the nature of the action and the cause of action, must be submitted to the judicial discretion of the judge to whom the application is made, and he must decide upon their sufficiency. If the facts and circumstances are sufficient, he must grant the order for the examination: but if they fail to satisfy the judicial mind, the judge is not bound to grant the order, but should refuse the same.

The affidavit in the case under consideration we think is defective. It does not show the facts and circumstances making the testimony necessary and material. It nowhere states or shows that the testimony is material, nor that the testimony is necessary. It states that the *examination* is necessary. From the omission to state the cause of action, it is impossible to see how the facts stated in the affidavit are material or pertinent. It is for the purpose of determining from the facts and circumstances whether or not the testimony is necessary and material that the applicant should state the cause of action.

The affidavit in question is radically defective. For this reason, and for the reason that the court at Special Term held, the judge had no discretion in deciding to grant or refuse the order, the order of the Special Term should be reversed, with ten dollars costs and disbursements. (*Foote* v. *People*, 56 N. Y., 325; *Russell* v. *Conn.*, 20 id., 81,)

INGALLS, P. J., concurred.

Present — INGALLS. P. J. and POTTER, J.

Order reversed, with ten dollars costs and disbursements.