CHESTER FIELD v. THE NEW YORK CENTRAL RAILROAD.

In an action against a railroad corporation for damages occasioned by a fire apparently originating from coals on the track of the road over which defendants' locomotives had been passing just previously to the fire, it is competent to prove that its locomotives in passing over said road, have on former occasions, dropped coals at or near such place.

Where it is in evidence that engines properly constructed and in good order will not drop coals upon the track, the dropping of coals from defendants' engines upon the track is, of itself, evidence of negligence sufficient to charge the defendants.

Under such circumstances, the burden of proof is upon the defendants to show that they were not guilty of negligence.

Appeal from judgment of the Supreme Court.

The action was for negligently communicating fire by the defendants to the plaintiff's wood, fence and soil, and burning the same.

The cause was tried at the Monroe Circuit in October, 1857, before Mr. Justice JOHNSON and a jury. It appeared on the trial that the plaintiff owned a farm of 40 acres, 2½ miles west of Rochester, and contiguous to and north of the defendants' railroad. In October, 1854, he had 167½ cords of wood piled in a field, some twenty-five rods from the railroad track, and remote from buildings or fire. On the night of the 7th of that month, fire communicated to this wood pile and burned 143½ cords of it, valued at $3 per cord on the ground. The same fire also destroyed some rods of board and rail fence belonging to the plaintiff.

The evidence tended strongly to show that the fire was communicated by the defendants' engines. It caught in the night. At sundown the previous evening no fire was in the field. About half-past nine o'clock that evening, fire was seen raging within the bounds of the railroad, and making its way towards the wood, and the attention of one of the defendants' agents was called to it. The course of the fire was governed by the direction of the wind, and could be traced along the soil and stumps. It was traced back directly from the burnt wood to coals found on the rail-

road track. The defendants were at the time running a great many engines back and forth, night and day, over their road. Habitually their engines scattered fire upon their road about the time and near the place where the fire com plained of occurred. Four or five of the engines were with out any screens on the fire-pan to retain the fire.

The plaintiff also gave evidence of another fire occurring on his premises in May previously. It originated about 9 o'clock in the morning, and from sparks or coals emitted from the smoke-stack of one of the defendants' engines. As a train of cars passed along, the engine emitted sparks or coals of fire, which settled on the plaintiff's land. In about a quarter of an hour afterward the fire made its appearance amongst the stumps and chips in ten or fifteen different places. The fire spread over three-fourths of an acre of the plaintiff's land, burning it in patches, and also burning about five cords of wood. This injury was estimated at from $20 to $25. The plaintiff worked for awhile alone in endeavoring to put this fire out, and finally the defendants' trackmen came and helped him.

A witness named *Hinchey*, who traced the October fire back from the wood pile to the railroad track, testified that he "had frequently seen coals on the track before and since; very common thing; have been on the track at night; cannot say I saw it drop, but saw live coals; not in large quantities, but sometimes a coal or two in a place; have seen them frequently." This testimony was objected to. Objection overruled and exception taken.

As bearing on the question of negligence, it was shown by the testimony of two machinists, that the engines may be so guarded as to avoid scattering fire, and that if they do scatter fire they must be out of order.

When the plaintiff rested, the defendants' counsel moved for a nonsuit on the following grounds:

1st. The plaintiff must establish that the fire which communicated to the wood pile was the fire from the defendants' engine. That the evidence given does not make a *prima*

*facie* case; there being no evidence that the fire communicated to the wood pile was the fire from the engine.

2d. That the plaintiff must establish by the evidence, that the fire that destroyed the plaintiff's wood was fire from defendants' engine, and that it escaped therefrom through negligence of the defendants. That the evidence wholly failed to show any such thing as negligence on the part of the defendants.

3d. That the plaintiff wholly failed to give such proof of the origin of the fire, and negligence with which the fire was used, as to change the *onus probandi* of negligence on the defendants.

The court refused to nonsuit, and the defendants excepted.

At the close of the case, the defendants' counsel requested the court to charge the jury, that the plaintiff had not given evidence sufficient to charge the defendants with the origin of the fire, as matter of law.

The defendants also requested the court to charge the jury, that the plaintiff had not given sufficient evidence that the defendants were careless or negligent in the use of fire in the engines.

The court charged, that it was a matter of fact, and not a matter of law, whether plaintiff had given sufficient evidence to charge the defendants with the origin of the fire; and that it was a matter of fact, and not a matter of law, whether the plaintiff had given evidence sufficient to show the defendants were careless and negligent in the use of their engines. The defendants' counsel excepted to the charge.

The jury found a verdict for the plaintiff, judgment being entered on the verdict; on appeal to the General Term, the judgment was affirmed. The defendants appeal to this court.

*G. G. Munger*, for the appellant.

I. The court below erred in admitting evidence of fire and coals having been found on defendants' track or been seen to have dropped from its engines, on other occasions than the fire complained of.

And in truth such was not either its avowed purpose or

actual use in the case. It was offered and used *solely for the purpose of raising a suspicion or inference of negligence on the part of the defendant in the management of its engines.*

The proposition involved in its admission upon this ground is simply this: is it competent upon the question of a party's alleged negligence or misconduct at a given time, where no question of motive or intent is raised, to give evidence of that party's alleged misconduct or negligence at another time or other times?

It is submitted, on the part of the appellant, that in the light of familiar and well established principles of law and rules of evidence, the proposition cannot be maintained. (*Malton* v. *Nesbit,* 11 Eng. Com. Law, 318; 1 Carr. & P., 70; 1 Phil. Ev., 172, Cow. & Hill's ed.; 1 Greenl. Ev., §§ 51, 52, 53; *Cary* v. *Hotailing,* 1 Hill, 311–316; Redfield on Railways, 359.)

The precise point, as arising in cases of this character, has been passed upon in the courts of a sister State. (*Baltimore & Sus. R. R. Co.* v. *Woodruff,* 4 Mary., 242.)

We ask the attention of the court to pages 253, 254, in the opinion of ECCLESTON, J.

There is a class of cases involving the ability of the defendants' engines to have caused the damage, owing to the distance of the injured property from the defendants' track, in which the plaintiffs have been permitted to show that on other occasions sparks or coals had been carried to an equal or greater distance from the track. (*Piggot* v. *Eastern Counties R. R. Co.,* 54 Eng. Com. Law [3 Man. Gran. & Scott], 228; *Sheldon* v. *Hudson River R. R. Co.,* 4 Kern., 218; *Hinds* v. *Barton,* 11 Smith, 544.)

II. The motion for a nonsuit ought to have been granted for the reason that a case of negligence was not made out.

In England, the fact of the injury having been caused by the defendant establishes the plaintiff's case and throws upon the defendant the burden of explanation. (*Aldridge* v. *Great Western R. R. Co.,* 2 Eng. Railway and Canal Cases, 852; *Piggot* v. *Eastern Counties R. R. Co.,* 54 Eng. Com. Law, 228.)

In this country, however, a less stringent rule prevails. The plaintiff, in addition to showing the defendant to have been the offending party, must also convict him of negligence in the particular instance. (*R. R. Co.* v. *Teiser*, 8 Barr., 366; *Burroughs* v. *Housatonic R. R. Co.*, 15 Conn., 124; *Rood* v. *N. Y. & Erie R. R. Co.*, 18 Barb., 80; *Sheldon* v. *Hudson River R. R. Co.*, 4 Kern., 218, 224, 225, per HUBBARD, J.; Redfield on Railways, 356, 357, 358, 359; *Baltimore & Sus. R. R. Co.* v. *Wooodruff*, 4 Mary., 242.)

Did the plaintiff establish negligence on the part of the defendant?

Negligence in this class of cases is want of reasonable care and diligence. " Reasonable care and diligence is the having engines properly constructed and in good order, with suitable fixtures for preventing injuries by fire, * * * and the exercise of such care and diligence in using the locomotive upon the road as would be exercised by skillful, prudent and discreet persons, having the control and management of the engine, regarding their duty to the company, and having a proper desire to avoid injuring property along the road." (*Baltimore & Sus. R. R. Co.* v. *Woodruff*, 4 Mary., 242, 257, 258; *Bradley* v. *Boston & Maine R. R. Co.*, 2 Cush., 541, 542.)

*J. H. Martindale*, for the respondent.

I. The evidence was very strong to show that the fire complained of was communicated by the defendants' engines.

The wood burned was in a field remote from buildings or fire.

The fire caught in the night. At sundown the previous evening, no fire was in the field.

*The defendants were running a great many engines back and forth over their road at the time when his fire occurred.*

Habitually, the defendants' engines scattered fire upon their road at about the time and near the place where the fire complained of occurred. Four or five of the engines were *without any screens on the fire pans to retain the fire.*

The course of the fire was governed by the direction of the wind, and could be traced along the soil and stumps.

It was traceable back directly from the burnt wood to the coals found on the railroad track.

*The fire was seen raging within the bounds of the railroad at 9½ o'clock in the evening, and making towards the wood, and the attention of the defendants' agent was called to it.*

II. A legal presumption arises from the facts stated in the first point, that "there was something unsuitable and improper in the construction or management of the engine which caused the fire." (*Sheldon* v. *Hudson River R. R. Co.*, 4 Kern., 218; *Ellis* v. *R. R. Co.*, 2 Iredell, 138; *Holbrook* v. *N. Y. C. R. R.*, 12 N. Y., 237; *Hegeman* v. *Western R. R. Corporation*, 13 id., 9; *Fero* v. *Buffalo & State Line R. R.*, 22 id., 209.)

III. The first point, as to the admissibility of Field, is *res adjudicata*. (*La Farge* v. *The Ex. Fire Ins. Co.*, 22 N. Y., 352; 29 Barb., 176; 28 id., 80; 32 id., 276.)

IV. The objection to the testimony of witness Hinchy, as to seeing coals on track, was proper, and is met by the case of *Sheldon* v. *The Hudson River R R. Co.* (4 Kern., 228).

WRIGHT, J. There are two exceptions in the case; the principal one being to a denial of a motion for a nonsuit. The defendants contended that there was not sufficient evidence to carry the case to the jury, upon the question whether they negligently caused the fire which destroyed the plaintiffs property. The judge differed with them as to the force and strength of the evidence, and declined to nonsuit. Was this error?

It it not now pretended that the evidence to establish the origin or cause of the fire was too weak and inconclusive for the consideration of the jury. No point is made that it is defective in this respect. Indeed, the evidence rendered it not only probable, but reasonably certain, that the injury occurred from fire scattered by the defendants' locomotive engines. The burning occurred in the night time. The property was remote from building and fire. At sundown of the

previous afternoon there was no fire in the field where the wood was piled. The defendants' railroad adjoined the plaintiff's land, and the wood was some twenty-five rods from the track. A great many of the defendants' engines were being run back and forth over the road at the time; from 5 o'clock to 9 o'clock in the evening, four or five of them passing the plaintiff's farm. Habitually, their engines scattered fire upon their road about the time and near the place where the fire complained of occurred. Four or five of their engines were without any screens on the fire boxes or pans to retain the fire. On the night of the fire, the wind was from the southwest, and the direction of the wood pile was northeast. At 8 o'clock an express train passed, and at half-past 9 o'clock a freight train with passenger cars attached. As the latter train passed, fire was observed within the bounds of the railroad, and just over the road fence. It was burning in a northeast direction; and making its way to the wood pile, which was in full view from the train. The attention of the conductor of the train was called to it. Later in the evening, the attention of the plaintiff and some of his neighbors were attracted to the fire. It had then reached the wood, and before it could be stayed destroyed over one hundred and forty-three cords of it. The course of the fire was traceable directly back, along the soil and stumps, from the burnt wood to coals found on the railroad track. Thus, although the proof was not direct that the fire which caused the injury was communicated from the furnace of one of the defendants' engines, the circumstances tended strongly to that conclusion.

But the defendants now insist that although they may have caused the injury, the nonsuit should have been granted for the reason that no case of negligence on their part was made out. If I understand their position correctly, it is, that in this class of cases it is incumbent upon the party injured, if he would make a *prima facie* case, to show affirmatively that there was something improper in the construction of the defendants' engines, or that they were not in order, or were insufficiently or improperly managed. This is not the rule. Undoubtedly, the burden of proving that

the injury complained of was caused by the defendants' negligence was upon the plaintiff. To show negligence, however, it was not necessary that he should have proved affirmatively that there was something unsuitable or improper in the construction or condition or management of the engine that scattered the fire communicated to his premises. It often occurs, as in this case, that the same evidence which proves the injury shows such attending circumstances as to raise a presumption of the offending party's negligence, so as to cast on him the burden of disproving it. Then the injury was caused by dropping from the defendants' engines coals of fire. The fact that the sparks or coals were scattered at all upon their roadway in such quantities as to endanger property on abutting premises, raised an inference of some weight that the engines were improperly constructed or managed. But this was not all. It was conceded and proved that if the engine is properly constructed, and in order, no fire of any amount will escape to be distributed along the track. It was shown that four or five of the defendants' engines that passed the plaintiff's farm, were defective in the apparatus to avoid scattering of fire, and although the others were fitted with the necessary improvements to retain it, and in this respect there was no want of care on the part of the company, yet that constant oversight was required, and if they scattered fire, it was because they were out of order. It was legitimately to be inferred from these facts, that the scattering of coals of fire from the defendants' engines which were found upon their track, and which produced the injury, was the result either of defectiveness in the machinery, or neglect in repairing it. There was enough, therefore, in the evidence to justify a submission of the question to the jury, whether the injury complained of was caused by the negligent conduct of the defendants.

The remaining exception was to the reception of testimony, that coals of fire had been frequently found on defendants' track, or been seen to have dropped from their engines in passing the plaintiff's farm, on other occasions than that of the fire complained of. The competency of this species of proof was

settled in the case of *Sheldon* v. *The Hudson River Railroad Co.* (4 Kernan, 218). It was said in that case, in the leading opinion, the evidence "had a bearing upon both branches of the case which the plaintiff undertook to establish. It not only rendered it probable that the fire was communicated from the furnace of one of the defendants' engines, but it raised an inference of some weight, that there was something unsuitable and improper in the construction of the engine which caused the fire." At all events, it showed a practice on the part of the company, which would have endangered the plaintiff's property, was indulged in about the time, and near the place where his wood was burned, rendering it probable to a certain degree, that the injury was attributable to that cause. In the light of the decision referred to, and under the peculiar circumstances of this case, we cannot say that the evidence was too remote and indefinite to have any just influence upon the particular question in issue.

The judgment of the Supreme Court should be affirmed.

DAVIS, J. This an appeal from a judgment of the Supreme Court affirming judgment entered on verdict. The action was brought to recover damages for negligently setting fire to, and burning wood and other property of plaintiff, on his farm, adjacent to the railroad track. The only question considered by the General Term of the Supreme Court, was whether plaintiff could call himself as a witness against the defendant, a corporation. (See opinion reported, 29 Barb., 176.) The points made on this appeal are, first, that the court erred on the trial, in admitting evidence of fire and coals having been found on defendant's track, or seen to have dropped from its engines on other occasions than at the time of the fire complained of; and second, that the motion for nonsuit ought to have been granted for the reason that a case of negligence was not made out.

The plaintiff's farm, on which the wood, fences, &c., were burned, lies on the north side of, and adjoins the defendant's railroad. The plaintiff gave evidence to show that fire was communicated to his property from the locomotives of the

defendant by reason of the dropping of burning coals along the track of the road. At the close of the testimony of one witness, which, as printed in the case, is comprised in one sentence, and occupies about a page of the case, are these words inclosed in brackets, "objected to and objection overruled and excepted to." I think this exception is not sufficiently specific to raise the question argued by the counsel here. It does not point out with distinctness what was objected to; whether the witness, or his testimony, or some part of it, and what part, if any; nor is any ground of objection given or suggested. It is altogether too indefinite. But the objection is supposed to apply, and probably was so intended, to that portion of the testimony immediately preceding it, which is in these words: "had frequently seen coals on the track before and since; very common thing; have been on the track at night; could not say I saw it drop, but saw live coals, not in large quantities, but sometimes a coal or two in a place; have seen them frequently."

If we regard the objection and exception as sufficient, the point made by appellant's counsel is, that it was incompetent to prove that fire had frequently been dropped along the track in this vicinity by defendant's engines, for the purpose of establishing negligence in the management of the engines; on the ground that proof of negligence on former occasions was no proof of, and had no tendency to show negligence on the particular occasion.

If the evidence were admissible for any purpose whatever, there was no error in overruling the general objection. It was not proved by what engine the fire was dropped that caused the injury, nor that any engine had dropped fire on the particular occasion; but the fire was traced back from the burning wood to the defendant's track, on which coals were found, and in the immediate vicinity of which the dry grass was burned off. As bearing upon the question how this fire came upon the track, it was competent to show that the locomotives of the defendant had been accustomed to scatter coals of fire frequently along the track.

In *Sheldon* v. *The Hudson River R. R. Co.* (4 Kern., 218),

DENIO, J., thought it a clear proposition that the plaintiff might prove it "universally true that the engines scattered fire so as to endanger property, and HUBBARD, J., said, the proof offered and rejected related to the emission of igneous matter by the defendant's engines, without designating any one in particular. This evidence, I think, was competent, and should have been received upon the proposition whether the defendants caused the fire."

The evidence objected to, was therefore competent on the question of the *cause of the fire*. But it was also competent on the question of defendant's negligence. It appeared that defendants were running a number of trains at the time this fire occurred back and forth over their road. That four or five of the engines used were without screens on the fire pans to catch falling coals; and there was evidence from engineers tending to show that the engines may be so guarded as to avoid scattering fire, and if they do scatter fire to any great amount, they are either improperly constructed or out of order. To use an engine which scatters coals of fire and endangers the property of others, because of its improper construction, or by reason of its being out of order, would be negligence, and for the purpose of establishing that the engines used by defendant were out of order or improperly constructed, it was clearly competent to show that they were accustomed to drop coals of fire along the track, in quantities which would not be emitted by engines in proper condition. The more frequent these occurrences, and the longer time they had been apparent, the greater the negligence of the defendant; and such proof would disarm the defendant of the excuse that on the particular occasion the dropping of fire was an unavoidable accident.

The motion for nonsuit was properly denied. We have not in this State adopted the rule of the English courts, which in substance holds that proof that the fire was communicated from the engines of the company, throws upon the defendant the burden of showing that there was no want of care, diligence or skill in their construction or management. (*Piggott* v. *G. W. R. Co.*, 54 Eng. Com. Law, 228.)

Our rule holds that the use of locomotive engines in the business of railroads being lawful, no presumption of negligence arises from the mere fact that fire has been communicated from them. (*Rood* v. *N. Y. & Erie R. R. Co.*, 18 Barb., 80; *Shelden* v. *H. R. R. Co.*, 218; Redfield on Railways, 356, *et seq.*)

But where there is any evidence on the part of the plaintiff, in addition to proof that the engines communicated the fire, that tends to show want of care or diligence in the management of the engines or of skill in their construction, the court has no right, at the close of his case, to take the question of negligence from the jury, by nonsuiting the plaintiff. Where the evidence of both sides is in, and the preponderance for the defendant is so great that the court would set aside a verdict for the plaintiff as against evidence, a disposition of the case by nonsuit is justifiable, and has sometimes been held to be a duty.

In this case, where the motion was made at the close of plaintiff's case, there was evidence tending to show negligence both in the use and construction of defendant's engines, and it was not error to deny the motion.

The case, we must assume, was submitted to the jury with proper instructions from the court, and with their finding, even if against the weight of evidence, the court is not at liberty to interfere.

It follows, from these views, that the judgment must be affirmed.

Judgment affirmed.