## CASE vs. THE NORTHERN CENTRAL RAILWAY COMPANY.

When, in an action against a railroad company, to recover the value of property claimed to have been destroyed by fire, in consequence of the defendant's negligence, it is made to appear that the injury was caused by sparks flying directly from a passing locomotive engine of the company, and alighting on the property, the burden is upon the defendant, of showing that the engine was in perfect condition, with the most approved apparatus for arresting sparks, and that such apparatus was in good order, at the time.

APPEAL by the defendant from a judgment of the county court of Ontario county, affirming a judgment rendered by a justice of the peace. The facts are sufficiently set forth in the opinion of the court.

*Geo. M. Diven*, for the appellant.

I. The evidence in the case did not warrant the finding of the justice. 1. The plaintiff could not recover unless it was shown that the defendant's negligence caused the injury complained of. The defendant was not guilty of negligence if it used the best precautions in known practical use for securing safety. (*Rood* v. *N. Y. and E. R. R. Co.*, 18 *Barb.* 80. *Steinway* v. *Erie Railway Co.*, in *Court of Appeals, Albany Law Journal for Jan. 7th*, 1871, p. 15,

*not yet reported.*) (*a*)　2. The undisputed evidence in the case shows that the defendant took all the precautions it could take, within the rule laid down in the cases above cited. The most approved spark arrester was used upon all the engines running on the road, and all engines were thoroughly examined every trip. 3. The defendant's witness testified that it was almost impossible for fire to

(*a*) The opinion of the court referred to, was as follows:

FOLGER, J. The conceded facts in the case sustain the finding of the jury, that the goods in transit on the appellant's cars, while in the appellant's charge, were destroyed by fire, kindled by sparks from the engine while in motion. The court below was warranted in instructing the jury, that the bill of lading received from the appellant, by the assignor of the respondent, formed a special contract between them. The appellant remained; however, subject to all the common law liability of a common carrier, save so far as it was exempted therefrom, by the effect of such special contract. (*Dorr* v. *N. J. Nav. Co.*, 1 *Kern.* 485. *Bissell* v. *N. Y. Cent. R. R. Co.*, 25 *N. Y.* 445.) And though by it the appellant was, in terms, released from damage or loss to the goods from or by fire, it was not relieved from liability for damage resulting by fire from its own negligence. (*York County* v. *Cent. R. R.* 3 *Wall.* 107–113.) The appellant, being a corporation, was obliged to act through natural persons. And their negligence is its negligence, when they are its agents, so as to be identical with itself. Its board of directors, or managing agents, in respect to its external relations, must be considered as so far identical with the corporation as to throw upon it the liability for their negligence. (*Perkins* v. *N. Y. Cent. R. R.* 24 *N. Y.* 213, 214.) And as upon the directors or managing agents rested the duty of providing fitting machinery for the safe and proper working of the road, it was their negligence, and hence the appellant's negligence, if this engine, used by it in hauling these goods, was, in its construction and appliances, lacking in anything which sound rules required it should have. (*Sager* v. *P. S. and P. and E. R. R. Company*, 31 *Maine*, 228.) And here arises the principal question in this case. The rule of law is, that the appellant was guilty of negligence if it adopted not the most approved modes of construction and machinery in known use in the business, and the best precautions known in practical use for securing safety. If there was known, and in use, any apparatus which, applied to an engine, would enable it to consume its own sparks, and thus prevent the emission of them, to the consequent ignition of combustible property in the appellant's charge, it was negligent if it did not avail itself of such apparatus. But it was not bound to use every possible prevention which the highest scientific skill might have suggested, nor to adopt an untried machine or mode of construction. (2 *Redf. on Railways, p.* 189, *ch.* 24, §§ 1, 176, *3d ed. Ford* v. *Lond. and*

ignite from sparks, if the netting was in good order, but he also testified that it was not possible for a locomotive engine to run and work successfully without emitting sparks. The plaintiff's own evidence shows a condition of weather at that time that would render possible what at any ordinary time would be not only almost, but quite impossible.

*Sou. West. R. Co.*, 72 *Foster & Fin. N. P.* 730. *Hegeman* v. *Western Railroad*, 3 *Kern.* 9. *Field* v. *N. Y. Cent. R. R.* 32 *N. Y.* 339.) And it was a question for the jury, whether such negligence did in fact exist. (32 *N. Y.* 346–350. 3 *Kern.* 26.) The testimony on this point, as shown to us in the papers, was meagre. One witness only was called for the appellant, and he testified that it was not possible to run a locomotive without having sparks escape from it, and that there was no known method of constructing locomotives to prevent sparks escaping, and setting fire to property. One witness only was called for the respondent, and he testified that there were appliances in regard to locomotives, by which they consume their own smoke and sparks, and prevent their setting fire to property. But there was no testimony that such appliances were in practical use, or that the existence of them was known to practical men; nor was any evidence given that the appellant did not have, upon the engine, the appliances of which the respondent's witness spoke.

The court below charged the jury, that the special contract did not absolve the appellant from liability, unless the destruction of the goods was caused by an accident, over which the appellant had no control. This meant, that though the cause of the fire which consumed the goods was accidental, (if that can be said to be accidental, the cause of which may be controlled,) yet if the appellant had control over the cause, it was not relieved from liability; and this was correct. For if it had control over the cause, and did not exercise that control, that was its negligence, and for its negligence it was liable.

The court below, proceeding in the charge to the jury, called their attention particularly to the testimony of the two witnesses above alluded to, and instructed the jury that if they should decide that a locomotive can be so constructed as to prevent the emission of sparks, and thereby secure combustible matter from ignition, and that the appellant neglected to so construct its engines, it was the duty of the jury to find for the respondent, because there was a duty on the appellant to use every precaution, and adopt all contrivances known to science, to protect the goods entrusted to it for transportation. This instruction does not accord with the rule above laid down. There must exist not only the scientific power to make locomotives which will consume their own smoke and sparks, but such locomotives must have been made by skill, and put into practical use, and the use have become known, before a railway company can be charged with negligence in not putting them on to its road.

Case *v.* Northern Central Railway Company.

II. The county judge appears to have based his affirmance of the judgment upon the decision in *Field* v. *N. Y. Cent. R. R. Co.*, (32 *N. Y.* 339.) In that case it appeared that the defendant's engine habitually scattered fire about the time, and near the place where the fire complained of occurred, and that four or five of the engines were unprovided with the appliances to prevent the spread of fire. In the case at bar, precisely the contrary state of facts was

In *Ford* v. *London and S. West. R. Co.*, (2 *Foster & Fin. N. P.* 730,) Erle, Ch. J., charged the jury that the company was bound to take reasonable care, and to use the best precautions in known practical use for securing safety, and that it was sufficient, if it used every precaution in known practical use. In *Hegeman* v. *The Western R. R.* (3 *Kern.* 9,) the court charged the jury in substance, that although a defect was latent, yet if it could be ascertained by a known test, the defendant was responsible. On the authority of that case, it is for the jury to decide whether the adoption of any improvement in the construction of machinery is not incumbent upon a railway company. But it is for the jury so to decide upon evidence, not alone that science has invented and constructed it, but that it had been put in use, and practically tested, and become known. The charge to the jury in the court below, was incorrect in this particular. It did not lay upon the jury the duty of finding, from the testimony, whether there were in known practical use, at the time of the destruction of the goods, such appliances for locomotives as would enable them to consume their own smoke and sparks. From the charge, the jury were authorized to find for the respondent, if there were such contrivances known to science. It might be that scientific men, theorists, knew of them, and that the theory had taken shape in actual construction; and still practical men have never put them in such use—and so establish their capabilities—as that they ought to have become known to the appellant. In the absence of such experimental use and testing, the appellant was not to be held guilty of negligence in not adopting them. The charge in this respect might have misled the jury.

The counsel for the appellant requested the court to charge the jury, that the appellant was not liable if the goods were destroyed by fire, without fraud on its part, or unless they should find it guilty of fraud, or culpable negligence amounting to fraud. The court did not err in refusing so to charge. The appellant was liable, if there was negligence on its part, without regard to any supposed distinctions, or degrees of negligence. But a compliance with the request would have been an instruction to the jury by the court, that there are degrees of negligence, for one only of which the appellant was liable. Such instruction would have been erroneous. But, for the error above pointed out, the judgment of the general term should be reversed, and a new trial ordered, with costs to abide the event.

shown to exist. There was no evidence on the part of the plaintiff tending "to show want of care or dilligence in the management of the engines, or of skill in their construction." (*See op. of Davis, J., p.* 350 *of case last cited.*)

*Spencer Gooding,* for the respondent.

I. The judgment of the justice was correct, and is fully sustained and upheld by the evidence. 1. The defendant's counsel admitted, upon the trial, that by its agents it did the damage complained of, so that there can be no question upon that point, as in most cases that have been brought before the courts of a similar character. 2. The same may be said of the question of the value of the property destroyed. 3. The fact that sparks of a sufficient size and strength to ignite a fire in a field adjoining the track, escaped from the engine, raised a question of fact as to negligence on the part of the defendant, in running an engine of that character, which the justice was called upon to decide; and he decided that there was negligence, and that the defendant was therefore liable. 4. This court will not reverse a judgment, unless there is an entire want of evidence to uphold it, which is not the case here. (*Bennett* v *Scutt,* 18 *Barb.* 347. *Wily* v. *Slater,* 22 *id.* 506. *Rogers* v. *Ackerman, Id.* 134. *Dunckle* v. *Kocker,* 11 *id.* 387.)

II. Although it may be conceded to be true, that the plaintiff had not made out a cause of action when he rested, still, as there was no motion for a non-suit, it was proper for the justice to take into consideration the whole evidence in the case, and if he found in the evidence introduced on the defense, sufficient to establish negligence on the part of the defendant, his judgment will be upheld. (*The Mayor, &c., of N. Y.* v. *Mason,* 1 *Abb.* 344. *S. C.,* 4 *E. D. Smith,* 142.) 1. This case was decided upon all the evidence introduced, and it makes no difference who introduced it, so long as enough was furnished, without objec-

tion by one party or the other, to sustain the judgment. 2. The judgment will not be reversed when there is some evidence to sustain it. (*O'Hara* v. *Brophy*, 24 *How.* 379. *Bennett* v. *Scutt*, 18 *Barb.* 347, *and cases cited in previous point.*) 3. Neither does it matter what the pleadings were, so long as the evidence was admitted without any reference to them, and without objection, and established a cause of action, whether the identical one set forth in the complaint or not. (*Johnson* v. *Hathorn*, 2 *Keyes*, 476. *Casler* v. *Shipman*, 35 *N. Y.* 533.)

III. The whole evidence, taken together, clearly establishes the fact that the fire was occasioned by reason of some defect in the spark arrester, used on the defendant's engine, and the defendant's liability is thereby fixed. 1. The defendant called the witness Strode, a master mechanic having charge of their engines at Elmira, and an expert, who testified that all the defendant's engines were furnished with the most approved spark arresters; still he could not tell what engine set this fire. Nor could he testify whether the spark arrester on this particular engine was in good order or not. 2. He also testified that engines frequently came in with their spark arresters out of order, and that engines frequently ran through from Williamsport to Canandaigua that he did not see. 3. He further testified, "*if the netting was in good order, it would be almost impossible for fire to ignite from sparks.*" And further, had "*never known sparks to ignite when I was running, when the protector was in good repair; never saw fire blow outside the track.*"

IV. The fact of the setting of the fire being admitted, as before stated, the case is completely covered by the decision of the Court of Appeals, in *Field* v. *The N. Y. Cent. R. R. Co.*, (32 *N. Y.* 339,) 1. The fire having originated from such a source, and under such circumstances, the burden of proof was on the defendant, to show that this particular engine was in good order, or the presumption

of negligence must follow. 2. This the defendant did not do, or attempt to do, and the only fair and reasonable conclusion that could follow from such evidence was that found by the justice, to wit : That the defendants were guilty of negligence in setting the fire and destroying the plaintiff's property, and was therefore liable to pay for the same. The judgments of the justice and of the county court were correct, and should be affirmed

*By the Court,* JOHNSON, J   The action was brought in a justice's court, to recover the value of a quantity of corn stalks belonging to the plaintiff, and standing upon his land, adjoining the defendant's railroad track, and which were destoyed by fire from sparks falling directly upon them from a passing locomotive engine of the defendant.

  The defendant, upon the trial, admitted the cause of the injury to be as above stated, and the value of the property desrtoyed to have been of the amount found by the justice as damages. The judgment of the justice was affirmed by the county court.

The defendant's counsel insists that the judgment, both of the county court and of the justice, is erroneous, and should be reversed, for the reason that it was not shown affirmatively, upon the trial, by the plaintiff, that the defendant's engine, from which the sparks came at the time of the injury, had not then the most suitable and approved spark arrester upon it, nor that it was out of repair.

But this was proof for the defendant to give. When it was made to appear that the injury was caused by sparks flying directly from the engine, and alighting on the property, the burden was upon the defendant, of showing that the engine was in perfect condition, with the most approved apparatus for arresting sparks, and that such apparatus was in good order at the time. (*Field* v. *The New York Central Railroad,* 32 *N. Y.* 339.) This proof the

defendant undertook to make, but failed to make entirely. It was unable to show which of its numerous engines caused the injury, and of course could not prove affirmatively what the condition of that particular engine was, on that occasion. Nor was it able to show, satisfactorily, that all its engines were, at all times, in perfect condition in these respects, though it undertook to make such proof. The case stood before the justice, therefore, upon the legal presumption that the engine which caused the injury was not in the proper condition; and the judgment was right. The judgment must, therefore, be affirmed.

[FOURTH DEPARTMENT, GENERAL TERM, at Buffalo, June 5, 1871. *Mullin,* P. J., and *Johnson* and *Talcott,* Justices.]