NORMAN WESTFALL AND ANOTHER, RESPONDENTS, v. THE ERIE RAILWAY COMPANY, APPELLANT.

*Railroad company — fire caused by sparks from engine — evidence.*

In an action brought to recover damages for loss occasioned by fire alleged to have been set by sparks from defendant's engine, evidence to show the employment of more men by the defendant after the fire than before — the necessity of having some men walk the track being conceded — is properly allowed to go to the jury upon the question whether too few or incompetent men had not been previously employed. In such a case, proof of dropping coals and scattering sparks is not confined to the occasion when the injury was done, nor to defects in a single engine of the company.

*Dougan* v. *Transportation Company* (56 N. Y., 1) distinguished.

APPEAL from an order denying a new trial, and from a judgment entered at the Monroe county Circuit.

The plaintiff was allowed to prove, under objection by the defendant, that on the track and in adjoining fields combustible material was thrown by defendant's engines, and also certain other facts mentioned in the opinion of the court.

*George F. Danforth,* for the appellant.

*J. A. Stull,* for the respondents.

MULLIN, P. J. :

The plaintiffs are the owners of a farm in Bright, Wayne county, over which the defendant's railway runs, for about half a mile.

In March, 1871, an engine with a freight train attached passed over the road across the plaintiffs' farm. Soon after it passed, a stack of hay of the plaintiffs standing some distance from the track was found to be on fire, and there were two or three other fires burning in the neighborhood of the stack. The hay, part of the fence, and the ground, to the extent of about three acres, were burned.

The action was brought to recover for the value of the hay, the injury to the fences and to the land.

On the trial the plaintiff was permitted to prove, notwithstanding the objection of the defendant's counsel to the competency of the evidence, that after the fire the number of trackmen was increased, and that other fires were discovered in the vicinity of those on plaintiffs' land; that fires were more frequent then than they have been since; that the trackman on that part of the track where the fire occurred was over eighty years of age, and that other fires occurred along the line of the road after the passage of the engines.

In the case of *Sheldon* v. *The Hudson River Railroad Company* (14 N. Y., 218) the plaintiff was unable to prove by any witness that he saw sparks pass from the defendant's engine to the building that was burned and that they set it on fire. He was permitted to prove that engines of the company passing near that place on other occasions emitted sparks and coals which fell further from the track

than the building in question, after giving evidence tending to exclude the probability that the fire was communicated by other means. The case cited establishes another proposition having some bearing on the case before us, which is, that the evidence given by the plaintiff to show that the engine of the defendant set the fire, raised an inference of some weight that there was something unsuitable and improper in the construction or management of the engine.

In *Field* v. *New York Central Railroad Company* (32 N. Y., 339) it was again held, that under circumstances like those existing in this case, it was competent to prove that the locomotives, in passing over said road, have, on former occasions, dropped coals at or near such place. It was also decided that where it is proved that engines in good order will not drop coals upon the track, the dropping of coals from the engines is, of itself, evidence of negligence sufficient to charge the defendants. In the case cited, proof was received, which WRIGHT, J., who delivered the opinion of the court, held to be competent, that four or five of the engines of the defendant scattered coals and sparks along the track on several occasions, and this was permitted to go to the jury as evidence of negligence, and that such negligence caused the injury.

It follows, then, that proof of dropping coals and scattering sparks is not limited to the occasion when the injury is done, nor to defects in a single engine of the company. (See, also, *Bedell* v. *Long Island Railroad Company*, 44 N. Y., 367.) It was competent to prove that a larger number of trackmen was employed after the fire which injured plaintiffs' property than was employed before. It is for the jury to say whether the employment of more men was not an admission that enough had not previously been employed to prevent and extinguish fires. Such evidence is not admissible in a case like that of *Dougan* v. *Transportation Company* (56 N. Y., 1). In that case it was held not to be negligence in the defendant to permit the gangway, through which plaintiff's intestate slipped into the lake and was drowned, to be open. The defendant's boat was constructed like other boats on the lake in reference to protection to passengers at the gangway, and no such accident previously occurred. There was, therefore, no negligence to admit, and it would have been grossly unjust to permit negli-

gence to be inferred from the precaution taken by defendant to guard its passengers in the future from a like misfortune. Closing up the gangway was, undoubtedly, an admission that it was no longer safe to leave it as it had been left, but that knowledge had been acquired only when the accident occurred.

There is no similarity between that case and the one before us. In this case the necessity of having men walk the track had long been known. One man only had been employed ; fires along the track were frequent, and the employment of more men after the fire was a fact competent to go to the jury upon the question whether too few men had not been previously employed.

If keeping men to travel the track was proper precaution to protect those living along the road from injury by fire as well as the company's own property, the persons employed should be physically capable of moving with some considerable speed so as to be on hand at the place a fire was set, in season to extinguish it or prevent it from spreading. It was for the jury to say whether a man of eighty years of age was a suitable one for that duty. The motion for a nonsuit was properly denied.

While there was no evidence by a witness that he saw the coals drop from the engine and set the fire, yet the circumstances were proved which justified the jury in finding that the fire was caused by the defendant's engines and was caused by the negligence of this defendant, either in the construction or management of said engines, within the cases cited from the 14, 32 and 44 New York (*supra*).

Upon the same authorities, the exceptions to the charge of the judge, and to his refusal to charge as requested, were correct.

The judgment and order must be affirmed.

Present — MULLIN, P. J., SMITH and GILBERT, JJ.

Judgment and order affirmed.