JOHN McCAIG, RESPONDENT, *v.* THE ERIE RAILWAY COMPANY, APPELLANT.

*Railroad company — fire occasioned by sparks — Negligence — burden of proof.*

The mere fact that a fire is occasioned by sparks emitted from the smoke-stacks of locomotives used by a railroad company does not, of itself, establish negligence on its part, nor would it be sufficient to authorize a jury to infer negligence, unless the emission of the sparks was unusual in degree or character, or the sparks were of an extraordinary size and such as would not be emitted from perfectly constructed locomotives.

In a case not within such exception, the burden of proving that the railroad company did not exercise due precaution rests on the plaintiff.

Upon the trial of an action to recover damages sustained by a fire started by sparks from a locomotive owned by the defendant, the judge charged the jury "if all the evidence satisfied them that there had been negligence on the part of the defendants, although they might not be able to satisfy themselves in what that negligence consisted, they would be authorized to find a verdict for the plaintiff." *Held*, that this was error; that if the jury could not find in the evidence any rational ground upon which to impute negligence to the defendant, they should give a verdict in their favor.

APPEAL from an order of the County Court of Steuben county, denying a new trial on a motion made on a case and exceptions.

The action was brought to recover for damages caused by fire, alleged to have been set by sparks from defendant's locomotives.

*E. F. Babcock*, for the appellants.

*J. W. & H. J. Dinninny*, for the respondent.

E. DARWIN SMITH, J.:

It cannot be doubted that the fire which caused the injury of which the plaintiff complains was caused by sparks, proceeding from one or more of the three locomotives of the defendants which passed the plaintiff's premises immediately before such fire. But the defendants are clearly not responsible for such injury unless such fire was caused by some negligence on their part, or that of their servants or agents in charge of such trains. And the fact that such fire was caused, as must have been the case, from sparks emitted from some one of the defendants' locomotives, did

not necessarily imply negligence on their part. (*Collins* v. *N. Y. C. and H. R. R. R. Co.*, 12 S. C. N. Y. [5 Hun], 504; *Sheldon* v. *Hudson R. R. R. Co.*, 29 Barb., 227; 4 Kern., 224; *Field* v. *N. Y. C. R. R. Co.*, 32 N. Y., 350.)

Negligence in such cases cannot be presumed from the use of fire in propelling their engines by the defendants, for this use was lawful, and duly authorized by the legislature. Nor can it be presumed from the fact that a fire occurred doing damage, but such negligence must be clearly proved affirmatively, (Whart. on Neg., §§ 869, 870, 872; Sher. & Red. on Neg., § 12.)

When the plaintiff rested at the trial, he had proved simply the fact of the fire, and the mode of its origin from sparks, and the damages sustained. He had proved affirmatively no improper act, or the omission of any duty or fact involving any negligence on the part of the defendants or their servants. The judge said, in his charge to the jury, that the " plaintiff had given no direct evidence of any omission or negligence of defendants, and had left it entirely with them to establish the negligence of which he complains, by the circumstances."

The fire in question occurred on the plaintiff's premises, situate adjacent to the defendants' railroad, between the villages of Addison and Hornellsville, in the county of Steuben. The trains referred to were three extra freight trains going west, following each other between those places, three-fourths of a mile apart. The defendants proved, by their officers, engineers and other servants, that the locomotives upon these trains were all first-class engines, with the most approved kind of spark-arresters, all in good order at the time of the fire; and that they were all inspected on their arrival at Hornellsville, some twenty miles west of plaintiff's premises, on the day in question, and that the stack, netting and grates were all found in good order.

In respect to the class of evidence given by the defendants, the judge charged that they were to take that evidence into consideration and give to it such weight as it was entitled to; and, also, that " now the burden of proof is changed from the plaintiff to the defendants. It rests upon them to satisfy you that they did exercise due precaution. If you are convinced that such was the case, you will be justified in finding a verdict for the defendants."

This portion of the charge was duly excepted to by the defendants' counsel.

The judge also charged the jury that if they were satisfied that there had been negligence on the part of the defendants, although they might not be able to satisfy themselves in what the negligence consisted, they were authorized to find a verdict for the plaintiff. This portion of the charge was also duly excepted to. The defendants' counsel also excepted to the refusal of the court to nonsuit the plaintiff, upon motion for that purpose duly made at the close of the plaintiff's evidence.

In overruling the motion for a nonsuit, the judge, at the trial, must have held, in effect, that the fire having been occasioned by sparks thrown from one of the defendants' engines, the jury might infer or presume negligence from such fact. In his charge to the jury afterwards, he states that it was not pretended to show what particular negligence was the cause of the fire, but, from the distance at which the fire was caught, it was sought to be shown that it was thrown from the smoke stack, and carried by the wind to some distance. If this were so, it seems to me the evidence was not sufficient to warrant a verdict for the plaintiff, without further proof showing that such emission of sparks was *unusual* in degree or character, or the sparks were of an extraordinary size, and such as would not be emitted from perfectly constructed locomotives. (*Rood* v. *N. Y. and E. R. R. Co.*, 18 Barb., 80.) But the motion for a nonsuit being overruled, the defendants' evidence was properly given and directed to repel such presumption or inference of negligence, arising from such emission of sparks.

The evidence given by the defendants tended to show, and I think did show quite conclusively, that the said engines were properly constructed, and had the best and most approved apparatus to prevent the emission of fire or sparks. It was error, therefore, to hold, in respect to such evidence, that the burden of proof was upon the defendants. The defendants did not seek to establish any affirmative issue, but simply to negative the plaintiff's case by disproving the ground upon which it was based. The inference from the fact of the emission of sparks by said locomotives was that they, or some one of them, were out of order or improperly constructed. The defendants simply sought to show

that such inference was unfounded. The plaintiff had the burden of evidence upon the whole issue, which was to establish negligence on the part of the defendants. The other exception to the charge that " if all the evidence satisfied them that there had been negligence on the part of the defendants, although they might not be able to satisfy themselves in what that negligence consisted," they would be authorized to find a verdict for the plaintiff, is also, I think, well taken. This portion of the charge is very little better than saying to the jury, that if they could find no evidence of any particular improper act or omission of duty on the part of the defendants, and none had been shown or specified by the counsel or the court, that would warrant a verdict; yet if they believed that there was negligence, although they could not specify how it arose, or satisfy themselves in what it consisted, they might, nevertheless, find a verdict upon such belief. This doctrine is unsound and unjust. It would make jury trials a very uncertain and unsafe mode of determining the facts in judicial proceedings. To let a jury find a verdict imputing negligence or crime thus upon conjecture, or without evidence, or such evidence as will bear the light of examination and discussion, or evidence which shows what constituted the crime or the negligence imputed, could not be otherwise than of dangerous consequence.

The party who imputes negligence to another must prove that the defendant, in some act or omission, violated a duty resting upon him; he must show that the accident or injury resulted from the want of some precaution which the defendant might and ought to have resorted to; and, as WELLES, J., says, in *Daniel* v. *The Metropolitan Railroad Company* (L. R., 3 C. P., 222), " the plaintiff should also show, with reasonable certainty, what particular precaution should have been taken." The burden of proof in such case rests upon the plaintiff, and he must clearly prove the facts from which it can fairly be inferred that defendant's negligence, in some certain and clear particular, caused the injury. (Sher. & Red. on Neg., p. 14, § 12.) When these facts are not established, the plaintiff should be nonsuited, or the jury should be instructed to find for the defendant. If they cannot find in the evidence any rational ground upon which to base a verdict imputing negligence, they should find that no negligence was established. The plain-

tiff should make out his case by a clear preponderance in the evidence.

The judgment should be reversed and a new trial granted, with costs to abide the event.

Present — MULLIN, P. J., SMITH and TALCOTT, JJ.

Order reversed and new trial granted, costs to abide event.