HESS v. BERNHEIMER & SCHWARTZ PILSENER BREWING CO. et al.

(Supreme Court, Appellate Division, Second Department.   May 7, 1915.)

1. MASTER AND SERVANT ⬿276—INJURIES TO SERVANT—CAUSE OF DEATH— SUFFICIENCY OF EVIDENCE.

In an action against a brewing company for death of its employé, alleged to have been caused by inhaling wood alcohol fumes while varnishing a beer vat, evidence *held* sufficient to support finding that such fumes were the cause of the death.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 950–952, 954, 959, 970, 976; Dec. Dig. ⬿276.]

2. EVIDENCE ⬿553—OPINION—HYPOTHETICAL QUESTION—PERSONAL INJURIES TO SERVANT—SYMPTOMS.

In an action against a brewing company for death of its employé by inhaling wood alcohol fumes while varnishing a beer vat, a hypothetical question to a medical witness as to whether decedent's actions, previous to his death, indicated blindness, dizziness, and delirium, which are symptoms of wood alcohol poisoning, was not improper as requiring the witness to draw inferences of fact, since such questions necessarily rest on assumptions from testimony, binding together scattered incidents to form the basis of an opinion, while, on cross-examination, the distinct part that each factor played in enabling the witness to form his opinion, may be separated and submitted to the jury as matters of fact, which they may readily comprehend, and either accept or reject.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 2369–2374; Dec. Dig. ⬿553.]

3. MASTER AND SERVANT ⟷269—INJURIES TO SERVANT—CAUSE OF DEATH—
EVIDENCE—EFFECT OF DANGEROUS CONDITION ON OTHERS.

In an action against a brewing company for death of its employé by
inhaling wood alcohol fumes while varnishing a beer vat, evidence of the
effect of the condition upon those working with him on the same job was
admissible.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. § 912;
Dec. Dig. ⟷269.]

Thomas, J., dissenting.

Appeal from Trial Term, Kings County.

Action by Frederick Hess, as administrator, against the Bernheimer
& Schwartz Pilsener Brewing Company and others. From judgment
for plaintiff, and denial of its motion for new trial, the named de-
fendant appeals. Affirmed.

Argued before JENKS, P. J., and THOMAS, CARR, STAPLE-
TON, and PUTNAM, JJ.

Frank V. Johnson, of New York City, for appellant.

M. L. Malevinsky, of New York City (Mary Rutter Towle, of New
York City, on the brief), for respondent.

PER CURIAM. In Kenz v. Bernheimer & Swartz Pilsener
Brewing Co., 162 App. Div. 777, 147 N. Y. Supp. 1024, we held these
appellants liable, toward one of the men engaged in varnishing these
beer vats, for the effects of exposure from the fumes of wood alco-
hol. The deceased had been so engaged for several days. According
to Kenz, the deceased had worked five days varnishing, in same vats,
from 8 a. m. to 5 p. m.

[1] The deceased, Charles Hess, was normally a large, strong man,
weighing about 200 pounds, who had not consulted a physician. He
came home from this work on December 7th. When his daughter
reached the house, her father, the decedent, was already there. He ate
no supper. He was vomiting. After that he went to bed. About 1 a.
m. she was called by deceased to light the gas, which had been turned
down low. Although she turned it up, deceased asked her again to
light the gas. Later he got out of bed, but had to be assisted. He went
near the window. He raised it, but put his arm through the glass.
He then fell to the floor and became unconscious. Dr. Teplitz was
called in, but did not testify. The deceased remained unconscious;
his eyes protruding. His death followed, without regaining conscious-
ness, about 5 a. m. the next day.

In connection with the other casualties to those who had been with
him on this varnishing job, this testimony supplied grounds upon which
a jury might find wood alcohol fumes were the efficient cause of his
death.

[2] However, appellant objects to the hypothetical question to the
expert Dr. Weston, because the witness was thereby required to draw
inferences of fact as to whether decedent's actions indicated blindness,
dizziness, and delirium, which are diagnostic indications of wood al-
cohol poisoning. It is urged that this induction should have been left
to the jury, as a question of fact.

⟷For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Obviously, a hypothetical question must rest on assumptions from testimony. Such scattered incidents are brought together to form the basis for an opinion that certain symptoms had appeared. The witness had to infer whether a repeated demand to turn on the light, when the light was already burning, showed blindness, whether Hess' difficulty of moving about, so that he had to be assisted, manifested dizziness, and so on, as to the other acts, which might be effects of poisoning. By cross-examination, the distinct steps or factors in the final expert opinion that the fumes inhaled in these vats would be a competent cause of the sudden death could be separated, and each submitted to the jury, as inferences of fact, which they could readily comprehend and then could accept or reject. To a greater or less extent, this must generally be the case, because symptoms are not uniform, and an induction of fact is needed to identify a certain outward manifestation as diagnostic marks of an inward condition. In this way the jury had not only the general conclusion that "wood alcohol may cause such a death," but also the separate inductive steps by which the witness traced the stupefying effects of these alcohol fumes. This was no error.

[3] Appellant also urges that testimony as to others likewise injured was not proper. An investigation into the effect of these fumes could not reasonably ignore the consequences on Kenz and on others who worked there in the same vats and suffered from a like exposure. This inquiry about other persons subjected to like influences is the rational way to carry on such an investigation, as it may tend to show effects of the same cause. Thus courts take proof of other locomotives spreading fires, in actions against a railway (Field v. New York Central Railroad, 32 N. Y. 339); in actions against a shipowner for lack of proper foods, that others in a ship's crew have also been afflicted with scorbutic ailments (Baxter v. Doe, 142 Mass. 558, 8 N. E. 415); also that lead poisoning is general in a paint factory (Shea v. Glendale E. F. Co., 162 Mass. 463, 38 N. E. 1123). See Wigmore, § 457.

Appellant's other objections have been considered, but we think are unfounded.

The judgment and order should be affirmed, with costs.

Judgment and order affirmed, with costs.

JENKS, P. J., and CARR, STAPLETON, and PUTNAM, JJ., concur. THOMAS, J., dissents for reasons given in his dissenting opinion in Kenz v. Bernheimer & Swartz Pilsener Brewing Co., 162 App. Div. 779, 147 N. Y. Supp. 1024.